G. C. C. and P. KERR, Ex'rs, *v.* DAVID KERR and WILLIAM HUMBARD.

1. CHANCERY COURT. *Jurisdiction to aid judgment creditor.* Equity has jurisdiction to aid a judgment creditor in removing embarrassments in the way of a sale, so as to prevent a sacrifice of the property, either by suspending the sale until the obstacle is removed, or selling the entire property, and disposing of the proceeds of sale among the parties entitled.

Kerr v. Kerr.

2. CHANCERY PRACTICE AND PLEADINGS.   *Presumption in favor of pleader on motion to dismiss.*   In this State the presumption is in favor of rather than against the pleader on motion to dismiss.

### FROM BRADLEY.

Appeal in error from the Chancery Court at Cleveland.   W. M. BRADFORD, Ch.

J. H. GAUT and McGINLEY & HOOD for complainants.

P. B. MAYFIELD for defendants.

COOPER, J., delivered the opinion of the court.

The complainants, as executors of the will of Jesse Kerr, deceased, having recovered a judgment at law on the 7th of May, 1875, against the defendant David Kerr for $———, on which execution issued and was returned October 28, 1876, *nulla bona,* filed this attachment and injunction bill on the 22d of February, 1876, to reach certain realty previously attached in equity by the defendant Wm. Humbard.   They charge that the defendant Kerr "has title" to several hundred acres of land described generally, the exact metes and bounds of which they are unable to give because of the destruction of the register's books during the war.   They state that these lands are encumbered by an attachment thereon sued out by the defendant Humbard in the same court on the 4th of March, 1872, under a bill alleging that the defendant Kerr was about fraudulently to dispose thereof, and seeking to subject the same to the satisfaction of a judgment in his favor for $800, which suit was still pending.

15—VOL. 3.

They say that the pendency of this suit, and attachment and injunction sued out under it, together with the uncertainty in regard to the lands, renders it necessary to come into equity for relief, and they pray that "all the right, title, interest, and claim which David Kerr has in the lands, be it legal or equitable," be attached and sold, and the proceeds, or the surplus proceeds, of any sale made in Humbard's case, be applied to the satisfaction of their demand. The defendant Kerr moved to discharge the attachment, which motion was sustained by the Chancellor. He also moved to dismiss the bill, which motion was overruled. The defendants failing to answer, the bill was taken for confessed against them, and on the hearing the Chancellor gave the complainants a decree for the sale of the land, subject to Humbard's lien, if any. The defendant Kerr appealed.

The argument submitted on behalf of the appellant is, that his motion to dismiss the bill should have been sustained, the ground of the motion being that the remedy of the complainants was plain and unembarrassed at law, Humbard's attachment having the same priority in equity as at law, and constituting no such encumbrance as justified a resort to equity. The argument requires to sustain it two postulates—one, that the title of the defendant Kerr to the land was legal, and otherwise open to execution; the other, that the relief in equity would be, upon this assumption, the same as at law under the circumstances stated in the bill.

Upon the first point the bill is equivocal. It avers

that the defendant Kerr "has title" to the property. If the presumption is against the pleader, it may well be agreed that this language implies a legal title, for, in common parlance, the word title usually imports a legal title.    In England the presumption is against the pleader upon the idea that he will always state his case most favorably for himself.    *Columbine* v. *Chicester*, 2 Phil., 28; *Foss* v. *Harbottle*, 2 Hare, 502. In this State every reasonable presumption is to be made in favor of rather than against the bill.    *Lincoln* v. *Purcell*, 2 Head, 154; *Hobbs* v. *Memphis R. Co.*, 9 Heis., 873.    And a motion to dismiss a bill for want of equity will not lie where a case proper for equitable relief appears on the face of the bill, although defectively stated.    *Thompson* v. *Paul*, 8 Hum., 114; *Henderson* v. *Matthews*, 1 Lea, 34.    The bill avers that the defendant has title, not saying legal title, states the return on the execution against the defendant of *nulla bona*, which form of words usually implies a general return of no property to be found, and asks a sale of the defendant's interest in the land, be it legal or equitable.    Treating the language of the bill as leaving the point in doubt whether the title was legal or equitable, the motion to dismiss was properly overruled.    On the trial the sheriff's return was introduced, showing that no personal property was found, and that the land was not levied on because encumbered by the attachment of Humbard.    But the doubt is not necessarily removed thereby, and, in the absence of any defense, the court may still give the

complainants the benefit of the doubt in furtherance of the ends of justice.

If it be conceded, however, that the title was legal, it is a mistake to suppose that the remedy was the same at law and in equity. The sale by execution would necessarily be subject to the prior lien, *quantum valeat,* of Humbard. The uncertainty in relation to that claim would operate prejudicially to the judgment creditor by leaving him in doubt as to what his bid should be. It would also work injuriously to the judgment debtor, in the eye of the law, by deterring bidders. The jurisdiction of equity to aid an execution creditor in removing embarrassments in the way of a sale, so as to prevent a sacrifice of the property, and ascertain the precise interest to be sold, is well settled. *Parrish* v. *Saunders,* 3 Hum., 431; *Long* v. *Page,* 10 Hum., 541; *Haskins* v. *Everett,* 4 Sneed, 531. If the right of the judgment creditor to sell the property is beyond dispute, and in this case it is conceded by the *pro confesso* order, the proper decree in equity is to suspend the sale until the obstacle is removed if in the course of judicial determination, or to sell the entire property and dispose of the proceeds for the benefit of the parties as they might show themselves entitled. The error of the Chancellor was not in taking jurisdiction and giving relief, but in the relief actually given. The counsel of the defendant is justified in saying the decree only gives what might have been had by execution sale if the title of the debtor was legal. It is con-

·ceded, however, that Humbard's claim has been held
to be of no validity, and the error works no harm.
Affirm the decree with costs.