Anderson *v.* Mullenix.

5L 287
8L 272
8L 293

ELI ANDERSON *v.* WILLIAM MULLENIX *et al.*

1. CHANCERY PRACTICE AND PLEADING. *Motion to dismiss for want of equity.* A motion to dismiss a bill for want of equity on its face will not lie where a case proper for equitable relief is shown, although defectively stated.

2. SAME. *Same.* A bill to enjoin an execution for costs is good against a motion to dismiss for want of equity, which states that there had been two suits, long since terminated, in which the complainant had paid the costs in full, amounting to $124, receipts to this effect being filed, and that the judgment taken for costs on which the execution in controversy issued, was taken without notice, and is fraudulent, unjust and illegal.

Anderson v. Mullenix.

3. CHANCERY COURT. *Jurisdiction.* A court of chancery will entertain an original bill to enjoin its own execution in a proper case.

FROM SULLIVAN.

Appeal from the Chancery Court at Blountville. H. C. SMITH, Ch.

TIPTON & FAIN for complainant.

N. M. TAYLOR for defendants.

COOPER, J., delivered the opinion of the court.

Bill filed to enjoin an execution for costs issued against the complainant and in favor of the defendant as late clerk and master of the court. The bill is inartificially and loosely drawn, neither giving the amount of the execution sought to be enjoined, nor accurately describing it. It mentions two suits in the chancery court and files a receipt "in full" · for costs in each. One receipt signed by the defendant is for $106.29, the other by the sheriff is for $18.20. It seems that "all the costs in said cause or causes have been satisfied in full," and the causes long since stricken from the docket; that any judgment taken for costs on which the execution issued which is sought to be enjoined, was taken without notice, and is fraudulent, unjust and illegal. The defendant moved to dismiss the bill for want of equity on its face, and for want of jurisdiction. The chancellor sustained the motion, and the complainant appealed.

Anderson *v.* Mullenix.

A motion to dismiss for want of equity on the face of the bill only lies in those cases in which the court may, *mero motu*, dismiss it, and that is when, admitting all the facts stated whether well or defectively pleaded, the complainant is entitled to no relief. *Henderson* v. *Mathews*, 1 Lea, 34. It does not lie where a case proper for equitable relief appears although defectively stated, for such construction will be given as will support rather than defeat the bill. *Thompson* v. *Paul,*, 8 Hum., 114. Every reasonable presumption is to be made in favor of, rather than against the bill. *Lincoln* v. *Purcell*, 2 Head, 154; *Hobbs* v. *Memphis R. Co.*, 9 Heis., 873; *Kerr* v. *Kerr*, 3 Lea, 227. There is certainly equity in this bill, though very defectively stated. If complainant has paid the costs "in full" of the case in which the execution issued, there was fraud in taking judgment for those costs, and issuing an execution to again collect them. And it is a possible inference that inasmuch as the execution was for the same costs for which the receipts were taken, the amount was for at least $50. A similar bill was sustained in *Greenfield* v. *Hutton*, 1 Baxt., 216.

It is argued that a court of chancery will not entertain an original bill to enjoin its own execution. This proposition is sustained by some decisions, and stated by some text writers. It was held otherwise, and injunction granted upon an original bill in the case just cited, and in *Douglas* v. *Joyner*, 1 Baxt., 34; *Re Chadwell*, 7 Heis., 630; *Deaderick* v. *Smith*, 6 Hum., 138; *Parker* v. *Britt*, 4 Heis., 245; *Montgomery* v.

*Whitworth,* 1 Tenn. Ch., 174; *Smith* v. *St. Louis Mut. Life In. Co.,* 3 Tenn. Ch., 502.

In 1 Hoff. Ch. Pr., 89, it is said that an injunction is not the proper mode of obtaining a stay of proceedings under a bill or decree in chancery, whether the application be by parties or privies, or strangers, but the court should be applied to by petition for an order, citing *Dyckman* v. *Kernochan,* 2 Page, 26, and *Newton* v. *Douglass,* an unreported case. This statement has been construed as requiring the application to be in the original cause. *Smith* v. *Am. Ins. & Tr. Co.,* Clarke Ch., 307; *Greenlee* v. *McDowell,* 4 Ire. Eq., 483; *Medlock* v. *Cogburn,* 1 Rich. Eq., 477; *Deaderick* v. *Hoysradt,* 4 How. Pr., 350; and recently in *Wright* v. *Phillips,* 56 Ala., 69. The New York cases are expressly overruled by *Erie Ry. Co.* v. *Ramsey,* 45 N. Y., 637. And the language of Hoffman and the cases based thereon were reviewed by me as chancellor in *Montgomery* v. *Whitworth,* 1 Tenn. Ch., 174. See also, in accord with our cases, *Fuentes* v. *Gaines,* 1 Woods, 112; *Smith* v. *McLain,* 11 W. Va., 654; *Basye* v. *Beard,* 12 B. Mon., 587; 2 Dan. Ch. Pr., 1567, n. 9, (5th ed.)

The chancellor's decree will be reversed, the motion to dismiss overruled, and the cause remanded for further proceedings. The defendant will pay the costs of this court.