# WHEELER v. CITY OF MARYVILLE. No. 1.—203 S. W. (2d) 924.

Eastern Section.   May 6, 1947.

Petition for Certiorari denied by Supreme Court, August 2, 1947.

Drinnen & Drinnen, of Maryville, for plaintiff in error.

Goddard & Gamble, of Maryville, for defendant in error.

McAMIS, J. Mrs. Barsha Wheeler instituted this suit against the City of Maryville to recover damages for personal injuries sustained when she fell on a sidewalk. The trial court sustained the City's motion for a directed verdict at the conclusion of all the evidence based upon its insistence that the evidence failed to establish a case of liability "under the law and the evidence." The plaintiff appeals in error.

While the motion for peremptory instructions, as seen from the language above quoted, is based upon the asserted insufficiency of the proof to make out a case "under the law and the evidence," the remarks of the learned trial judge in passing upon the motion indicate that the motion was sustained principally upon the ground that the declaration charged that the defect resulted from a faulty construction of the sidewalk while the proof showed that it was caused by improper maintenance of the sidewalk.

Since the plaintiff insists that the trial court erroneously and improperly construed the declaration to allow the interpretation indicated, we quote its material aver-

ments: "On said 11th day of May 1942 the plaintiff was walking down said Cusick Street westwardly passing the jail lot, which street is a fairly steep grade and at the entrance of the jail lot, there was a perpendicular step down of about 6 inches on the entrance to the jail lot, about 50 feet westwardly from the jail. Said entrance was in the sidewalk and *was made with a negligent slick coating and was a constant danger to pedestrians, the sidewalk being concrete* . . .

"Plaintiff avers that the entry across said sidewalk where she fell was *made slick and unsafe for public travel* and had been in that dangerous condition for many months and the defendant had notice of said defective, dangerous condition in its sidewalk, and was negligent in failing or refusing to repair same and make it safe for pedestrians until after her said injuries. . . ."

The learned trial judge construed the language italicized to charge a structural defect and exclude a case of improper maintenance of the sidewalk.

We think this was error. While the language used might be taken as referring to a structural defect, it does not, in our opinion, exclude a case of negligent maintenance. It is charged that the sidewalk was "made" slick and unsafe for public travel. The verb "make" has a wide variety of meanings including that adopted by the trial judge. It can also mean to cause to be or become. In the latter sense the declaration can be taken as charging that the sidewalk was caused to be or had become slick and unsafe for pedestrian travel. Webster.

■■ At common law the presumption is against the pleader upon the idea that he will always state his case most favorably for himself. Now, under Code, Section 8729, a pleading is sufficient when by a fair and natural construction it shows a substantial cause of action and

every reasonable presumption is to be made in favor of the pleading and not against it. Lincoln v. Purcell, 39 Tenn. 143, 153, 73 Am. Dec. 196; Hobbs v. Memphis & C. R. Co., 56 Tenn. 873; Kerr v. Kerr, 71 Tenn. 224; Anderson v. Mullenix, 73 Tenn. 287, 288.

■ If the meaning of the declaration here under review was obscure, the court, under Code, Section 8730, upon motion of defendant, could have directed a more specific statement. No such motion was made and evidence showing that the entrance had become slick by reason of wear was admitted without objection. The court, moreover, seems to have construed the declaration at the conclusion of plaintiff's proof in chief as charging both negligent construction and maintenance.

We think there was no necessary inconsistency in charging both a negligent construction of the sidewalk and negligent maintenance following construction and that, under the rules of construction to which we have referred, it was incorrectly held that the declaration excludes a case of negligent maintenance or negligence based upon the failure of the City to make the place safe after notice of the danger.

■ We are further of opinion the case should have gone to the jury upon another principle. If, as the court held, the case charged only a case of negligent construction, there was undisputed proof that the sidewalk had become slick and dangerous by reason of the wearing away of the rough surface of which it was originally constructed; that this condition had continued for two years or more. In that view, there was a variance between the declaration and the proof. No question was made by defendant of the insufficiency of the declaration to support a cause of action established by the proof. On the contrary, as we have noted, evidence that the sidewalk had

become slick as the result of wear introduced by plaintiff was admitted without objection and the motion for peremptory instructions makes no question of the sufficiency of the declaration but is based upon the general ground that the evidence failed to make out a case of liability under the law and the evidence. Such a general motion waives an objection upon the ground of variance between the pleadings and the proof. American Trust & Banking Co. v. Parsons, 21 Tenn. App. 202, 108 S. W. (2d) 187.

Quite aside from what we have said, however, we think it can make no difference whether the defect which caused plaintiff to fall was structural or whether it resulted from wear. The declaration specifically charges that the City "was negligent in failing or refusing to repair same and make it safe for pedestrians" after it "had notice of said defective, dangerous condition in its sidewalk." If, as the declaration charges, the defendant failed to repair the sidewalk and make it safe, after notice of its dangrous condition, it would be liable, or so the jury might find, regardless of whether the condition was created when the sidewalk was constructed or resulted from wear as indicated by plaintiff's proof. The only difference would be that if the defect was one of construction, plaintiff would not be compelled to show that defendant had notice of the condition, while if the condition resulted from wear it would be encumbent upon plaintiff to show that defendant had either actual or constructive knowledge of the condition.

We conclude for the reasons indicated that the assignment directed to the action of the court in directing a verdict for the City because the declaration was found insufficient to support a cause of action must be sustained.

■ Although the action of the court in directing a verdict appears to be predicated in the main upon the insufficiency of the declaration, the remarks of the trial judge may be taken as also holding that the City, as a matter of law, is not liable for plaintiff's injury; that the condition shown by the proof is not such a defect as would render the defendant liable. If the learned trial judge intended to so hold we think this was also error.

The sidewalk in question is located on a steep grade. Down to the point where the driveway enters the jail lot it is of concrete construction with a rough surface. At the upper side of the driveway entrance the concrete ends and there is a stepdown of about 6 inches. The entrance to the driveway is of a different construction. The proof shows without dispute that when constructed it was left with a rough finish but when plaintiff fell, and for two years theretofore, it had become slick and worn. In addition to sloping down the hill it also had a beveled or sloping side on the outside. As a result, the entrance sloped both with the contour of the hill and to the level of the street.

Plaintiff walked down the hill, stepped off the concrete and took one step across the entrance to the driveway when her feet slipped from under her and she fell and sustained the injuries for which she sued.

The City seems to have recognized the danger when the entrance to the driveway was constructed because it was left with a rough surface and we think the jury could say that the sloping of the driveway which formed a part of the sidewalk in two directions combined with the slick surface to cause plaintiff to fall and that the jury could find that the City was negligent in maintaining its sidewalk in such a way that a pedestrian would, without

notice, step from a roughly finished concrete sidewalk upon a smooth surface sloping in two directions.

That a slick surface even without a slope may constitute such a defect as would warrant a jury in finding a municipality liable to a pedestrian who fell on the slick surface was clearly held in Osborn et al. v. City of Nashville, 182 Tenn. 197, 185 S. W. (2d) 510, where Mr. Justice Gailor ably and exhaustively analyzes the principles controlling the question of the submission of such cases to the jury.

The decided cases in other jurisdictions hold almost without dissent that it is for the jury to say whether a municipality has exercised the requisite degree of care in maintaining its sidewalks where they have become so smooth and slippery as to endanger pedestrians as a result of wear, especially where such a condition exists on a steep grade and, as here, the pedestrian walks off a portion of the sidewalk having a rough finish and steps upon a smooth surface made of different material. 25 Am. Jur., Hughways, Section 498; O'Brien v. City of St. Paul, 116 Minn. 249, 133 N. W. 981, Ann. Cas. 1913A, 668, and annotations at page 670; City of Birmingham v. Monette et al., 241 Ala. 109, 1 So. (2d) 1, 133 A. L. R. 1020, and annotations at page 1030.

█ Plaintiff testified that while she had walked over the sidewalk on Cusick Street four or five months before she fell, she did not know the entrance to the jail lot was slick and testified, in substance, that the smooth and slippery surface of the entrance to the driveway was not discernible in walking along in the usual and ordinary manner. She was wearing shoes with heels of a medium height and was watching where she was walking though apparently not giving special attention to the surface of the driveway. It was for the jury to say whether she was

guilty of proximate contributory negligence under all the circumstances. Osborn v. City of Nashville, supra, and cases there cited and analyzed.

■ Finally, it is insisted in behalf of the City that in adopting a plan of construction and in determining the need or necessity for a sidewalk along Cusick Street it acted in a governmental capacity and cannot be held liable for an error of judgment. The only testimony on this question is that the Superintendent of Streets constructed the sidewalk in question. The rule of exemption from liability relied upon presupposes that the plan of construction has been adopted by the governing authorities of the municipality. City of Nashville v. Brown, 25 Tenn. App. 340, 345, 157 S. W. (2d) 612. In the present case it does not appear that the plan of construction was approved by the governing board of the City and there is no occasion to consider the question of whether the City would be exempt if it had been so adopted and approved.

The judgment of dismissal is reversed and the cause remanded for a new trial.

Hale and Burnett, JJ., concur.