# C. H. JONES et al. v. ALLIED AMERICAN MUTUAL FIRE INSURANCE COMPANY.—274 S. W. (2d) 525.

Eastern Section.   July 1, 1954.

Petition for Certiorari denied, November 16, 1954.

Dietzen, Graham, Dietzen & Brock, of Chattanooga, for plaintiffs in error.

Frazier, Roberts & Weill, of Chattanooga, for defendant in error.

McAMIS, P. J.   This is an action to recover by right of subrogation, a loss paid to plaintiff's policy-holder, John Wesley, in the amount of $1,065 for the loss by theft of his automobile while being washed at a service station owned and operated by defendant Jones.

The theory of the declaration is that there was a mutual bailment of the automobile by Wesley to defendant; that defendant agreed to service it and "deliver it back to plaintiff's insured in good condition" but failed to do so and could not do so because it was stolen, while in defendant's possession, by one of his employees and later wrecked in the State of Alabama. There was no charge of negligence either in selecting the employee or in failing to prevent a theft of the automobile.

Defendant demurred on two grounds: Plaintiff failed

to make profert of the policy and failed to allege negligence. The first assignment is that the court erred in overruling the demurrer.

■ We think the first ground of the demurrer was overcome by the following amendment to the declaration: "Said insurance policy is here to the court shown and is attached to this amendment to the declaration as Exhibit 'A' hereto." This is true whether or not the policy was actually attached.

"The distinction between profert and the actual production of the instrument made profert of must be kept in mind. Profert means that the pleader is ready and willing to produce the paper if the other party wishes to see it. It is a mere offer to produce, and it is well pleaded by the use of the words, 'here to the court shown'. A declaration, therefore, containing these words is not demurrable for want of profert, though the instrument be not in fact produced or exhibited." The History of a Law Suit, Gilreath, Section 199.

■ As to the second ground of the demurrer, we must bear in mind that when tested by demurrer every presumption is indulged in favor of the pleading and, if by a fair and natural construction, it states a cause of action the demurrer should be overruled. Code, Section 8729; Lincoln v. Purcell, 39 Tenn. 143; Hobbs v. Memphis & C. R. Co., 56 Tenn. 873; Kerr v. Kerr, 71 Tenn. 224; Anderson v. Mullenix, 73 Tenn. 287, 288; Wheeler v. City of Maryville, 29 Tenn. App. 318, 203 S. W. (2d) 924. Demurrers are not favored. They admit every averment of the pleading, however imperfectly or artificially pleaded. History of a Law Suit, supra, Section 193.

■■ While it is true the declaration fails to charge negligence in so many words, it charges that defendant could not return the automobile "as the direct and proxi-

mate result of defendant's *breach of duty* * * *."
Emphasis supplied. We think when tested by demurrer
a charge of a breach of duty is sufficiently broad to in-
clude negligence. There was no error in overruling the
demurrer even if we assume such a charge necessary.

The assignment that the court erred in directing a ver-
dict for plaintiff requires a brief review of the evidence.

The defendant owns and operates a filling station in the
City of Chattanooga. On the morning of March 12, 1951,
plaintiff's insured, John Wesley, left his car with defend-
ant to be serviced and washed. Defendant drove the car
on the wash rack and directed an employee, Charlie Reid,
to wash it. Defendant then left the station to go to the
bank. Reid was soon thereafter seen by defendant's
agent in charge of the station backing the car off the rack
and driving it down the street. When Wesley called for
the car he was told that it had been stolen by an employee
of the station. It was later found wrecked in Alabama.

One of defendant's special pleas asserted that defend-
ant had exercised reasonable care in selecting Reid and
had no knowledge that he was not honest and trust-
worthy. Although defendant and one of his employees
testified as witnesses there was no proof to sustain this
averment of the special plea. Reid had no driver's license
and for that reason he was forbidden by defendant to
drive cars.

In view of the facility with which Reid was able to drive
off with the car, it may be inferred that defendant failed
to remove the switch key. Whether any investigation of
Reid's character and reputation was made and what it
revealed were matters peculiarly within the power of de-
fendant to disclose. In view of his silence, it may be in-
ferred either that no investigation was made or, if made,
that it was not favorable. We thus have the defendant

placing the car with the switch key in it in possession of an employee of about three days about whom he either failed to make inquiry or had unfavorable information. There was no proof to the contrary.

Although the court appears to have directed a verdict for plaintiff on the authority of Dickson v. Blacker, 194 Tenn. 504, 253 S. W. (2d) 728, we think, if required to do so, plaintiff carried the burden of showing negligence. Under Section 9746.1, 1950 Code Supplement, plaintiff made out a prima facie case based upon negligence by showing delivery in good condition and that the property was not returned according to contract, there being nothing to indicate that the loss was due to the inherent nature of the property.

But we agree with the trial judge that, under Dickson v. Blacker, supra, plaintiff made out a prima facie case by showing delivery in good condition with an agreement to return, express or implied, and failure to return upon demand. We can see no distinction between that case and this except that in that case it is not shown that the employee of the bailee intended to do more than to use the car temporarily, while in this case there was an outright theft. This it seems to us, however, is only a difference in the degree or extent of the conversion by the bailee's employee and loss to the bailor. The principles controlling are the same. It seems to us the Court clearly intended to modernize the holdings of our cases and to lay down the rule that it is immaterial whether the servant of the garage keeper acted within or without the scope of his employment in damaging the car.

This is in accord with the view taken by an increasing number of the more recent authorities, 6 Am. Jur. 374, as well as the spirit and purpose of the statute, supra.

Since the proof was undisputed, under the authorities

cited the Court correctly sustained plaintiff's motion for a directed verdict and overruled that of defendant unless, as insisted, plaintiff failed to prove its right of subrogation.

■ It is strongly insisted that the Court erred in admitting in evidence a purported copy of the policy giving plaintiff subrogation rights.

It appears from other evidence that plaintiff carried a valid policy of theft insurance on the Wesley car and that it has paid the loss to its policy holder in the amount of $1,065, the amount for which it sued. Under the general law it would have subrogation rights up to that amount without regard to the provisions of the policy. Kentucky Marine & Fire Ins. Co. v. Western & A. R. Co., 67 Tenn. 268; Deming v. Merchants' Cotton Press, etc. Co., 90 Tenn. 306, 17 S. W. 89, 13 L. R. A. 518.

We are of opinion, however, the purported copy of the policy containing subrogation provisions was sufficiently proved. The issuing agent testified that the copy was a standard form of theft policy and the only kind ever issued by plaintiff. In view of the showing that the original had been destroyed by Wesley prior to the trial this was sufficient.

■■ It is insisted, finally, that the Court erred in not directing a verdict for defendant and in fixing the amount at $1,065, the amount paid under the policy, without proof that the loss at least equaled that amount. We are forced to agree as to the amount. Defendant denied in his special plea that there was a total loss of the car and that plaintiff was required to pay $1,065 and took the position in his motion for a directed verdict that no proof of the amount of the loss had been introduced. Wesley could not have recovered against defendant more than the loss sustained and plaintiff's derivative right of subroga-

tion or assignment can be no greater. Plaintiff seems to have assumed that it need only prove the amount paid and in the interest of justice the case will be remanded to fix the amount of the recovery. Code, Section 9054. (A directed verdict would not have been proper since plaintiff was entitled to recover at least a nominal amount.) Costs of both courts now accrued will be paid by defendant and costs on the remand by plaintiff.

Hale and Howard, JJ., concur.