# HOWARD McFERRIN v. CRESCENT AMUSEMENT COMPANY. —364 S. W. (2d) 102.

Middle Section, Nashville.  October 26, 1962.

Certiorari Denied by Supreme Court February 7, 1963.

14

Stevens & Bagley, Fayetteville, for plaintiff in error.

Simms & Simms, Fayetteville, Wade & Forrester, Pulaski, for defendant in error.

HUMPHREYS, J.   This is an appeal in error by plaintiff Howard McFerrin from a judgment of the Circuit

Court of Lincoln County, Tennessee, in favor of defendant Crescent Amusement Company, entered on a directed verdict, dismissing plaintiff's suit.

One afternoon in December, 1960, plaintiff was walking along the public sidewalk in the City of Fayetteville. It had been raining most of the day and the streets and sidewalks were wet. At a point in front of the Lincoln Theater, which defendant owned and operated, plaintiff, while walking over a portion of the sidewalk which defendant had constructed of terrazzo, slipped and fell and was injured.

To recover damages for his injuries, plaintiff brought suit alleging the facts here stated and in addition alleged that defendant had caused the sidewalk in front of the Lincoln Theater over which paintiff was walking, to be built in a negligent manner, causing it to be extremely slick and dangerous and especially so when wet, so as to constitute a nuisance. That defendant knew of this condition and had, on rainy days, attempted to correct it by covering the terrazzo with a long rubber mat to lessen the danger of people slipping and falling. But, that on this occasion defendant had failed to cover the terrazzo with the mat and because of its negligent failure so to do and because of the nuisance it had thus created, the plaintiff had been injured.

Upon an order to plead specially its defenses, defendant, in addition to pleading the general issue, pleaded that it had constructed the Lincoln Theater and the sidewalk in front of it in a proper and workmanlike manner and in accordance with all building codes and safety requirements applicable thereto; that plaintiff slipped and fell because of the negligent and careless manner in

which he was walking; that plaintiff was not an invitee of defendant. Defendant admitted that it placed a rubber mat on the sidewalk for the convenience and safety of its patrons and customers but alleged that the mat was in place at the time of the accident.

Upon the trial of the case at the conclusion of plaintiff's proof defendant moved the court to direct a verdict on two grounds, (1) that plaintiff had failed to prove negligence on the part of defendant and, (2) that plaintiff had assumed the risk involved in walking as he did. The trial court sustained this motion upon the ground there was no evidence of negligence, nor any evidence that the condition of the sidewalk constituted a nuisance.

In this Court the plaintiff has assigned three errors. The first is that the court erred in instructing the jury to return a verdict in favor of defendant because there was sufficient material and substantial evidence to support a verdict for plaintiff. The second error assigned is that the court should have permitted a witness offered by plaintiff to testify to the facts and circumstances relating to an occasion when he slipped and fell on a terrazzo sidewalk in front of defendant's theater. The third error assigned is that the court should have sustained plaintiff's motion for a new trial.

If there is any material and substantial evidence to support plaintiff's insistence defendant was guilty of negligence in construction of the terrazzo portion of the sidewalk in front of its theater, or in failing to safeguard plaintiff in his rightful use thereof by covering it to prevent slipping thereon, or that the manner of constructing and maintaining the terrazzo constituted a nuisance, the

motion for a directed verdict should have been overruled and plaintiff's first assignment of error would be good, unless the plaintiff was guilty of contributory negligence, as a matter of law.

■ These assignments of error make it necessary for us to examine all of the evidence to see whether there is such substantial and material evidence as plaintiff insists. We do this under the rule which requires us to consider all of the evidence, take plaintiff's evidence as true, discard all countervailing evidence, and take the strongest legitimate view of the plaintiff's evidence, drawing all reasonable inferences therefrom in his favor. Smith v. Sloan, 189 Tenn. 368, 225 S. W. (2d) 539, 227 S. W. (2d) 2; T. H. Hayes & Sons v. Stuyvesant Ins. Co., 194 Tenn. 35, 250 S. W. (2d) 7.

■ Plaintiff's proof, in brief, viewed in accordance with the rule just stated, is that on an afternoon in December, 1960, he left the barbershop where he was employed and walked along the public street on the north side of the square in Fayetteville. It had been raining all that day and the sidewalks were wet. Plaintiff was walking close to the abutting buildings, and was wearing shoes he ordinarily wore. When he walked in front of the Lincoln Theater on the portion of the public sidewalk the defendant had constructed of terrazzo, he slipped and fell, and seriously injured himself. When wet, the terrazzo was slick. But, this was not noticeable to a person looking at it. The terrazzo area constructed by defendant extended out into the public sidewalk approximately thirty-six inches at the widest place. It was constructed on a slope or incline, with the outside edge as the lowest point. The slope or incline was greater than that of the balance of the sidewalk. Terrazzo is a material composed

of marble chips and cement, and when it is to be used where it is exposed to wetting, an abrasive material is added to it to reduce its natural slickness. The terrazzo in question did not contain sufficient abrasive to keep it from being slippery when wet, and was not constructed in accordance with good engineering practices. Other persons had slipped and fallen on this same terrazzo. Although defendant, for safety reasons, usually covered the terrazzo with a rubber mat when it was raining, which indicates it knew the terrazzo was slick and presented a hazard to persons walking on it, the mat was not in place at this time. The plaintiff had walked along this sidewalk before but had never walked across the terrazzo portion of it when it was wet, and did not know it was hazardous to walk across it.

Do these facts make out a case which the trial judge should have submitted to the jury? We think so.

In our opinion, the disposition of this case is ruled by Osborn v. City of Nashville, 182 Tenn. 197, 185 S. W. (2d) 510. Also of importance are the cases of Wheeler v. City of Maryville, 29 Tenn. App. 318, 203 S. W. (2d) 924; McHarge v. M. M. Newcomer & Co., 117 Tenn. 595, 100 S. W. 700, 9 L.R.A.,N.S., 298 and Tschumi v. Bradley, 41 Tenn. App. 555, 296 S. W. (2d) 885.

In Osborn et al. v. City of Nashville, supra, it was held that both the city and an abutting property owner were liable for damages resulting from an injury caused by the abutting property owner painting the sidewalk in front of his business so as to cause it to be slick and dangerous when wet. In that case the Court said:

"That an abutting owner, who himself changes the condition of the public highway, may be liable to

those in lawful use of said highway for consequent injury to them, cannot be doubted. A private interloper, who for his own selfish purposes, changes the condition of the highway and interferes with its maintenance by public authority, must use reasonable care for the safety of those in lawful use of the highway, and we think the jury is justified in giving careful scrutiny to the method that he adopts in changing the condition of the highway and the purposes for which the change was made, in estimating what is reasonable care under the circumstances.

" 'The liability of an individual who without authority of law creates a dangerous condition in the highway, to a person injured thereby, is generally based on the theory that the defect or obstruction constitutes a nuisance, and accordingly it has been ·decided that the liability of such person is not affected by the question whether he was actually negligent; * * *.' 40 C.J.S., Highways, sec. 252, p. 287; City of Knoxville v. Baker, 25 Tenn. App. 36, 150 S. W. (2d) 224." 182 Tenn. 202-203, 185 S. W. (2d) 512.

In Wheeler v. City of Maryville, supra, this Court held in an opinion by Presiding Judge McAmis that a trial court erred in dismissing plaintiff's suit against the city where the declaration alleged and proof showed the city maintained a sidewalk that had become slick and worn, and, in addition, sloped downhill and had a bevelled or sloping side on the outside, which danger the city had recognized by certain of its conduct. In addition to quoting from Osborn et al. v. City of Nashville, supra, this Court said:

"The decided cases in other jurisdictions hold almost without dissent that it is for the jury to say

whether a municipality has exercised the requisite degree of care in maintaining its sidewalks where they have become so smooth and slippery as to endanger pedestrians as a result of wear, especially where such a condition exists on a steep grade and, as here, the pedestrian walks off a portion of the sidewalk having a rough finish and steps upon a smooth surface made of different material. 25 Am. Jur., Highways, Section 498; O'Brien v. City of St. Paul, 116 Minn. 249, 133 N.W. 981, Ann.Cas.1913A, 668, and annotations at page 670; City of Birmingham v. Monette et al., 241 Ala. 109, 1 So. 2d 1, 133 A.L.R. 1020, and annotations at page 1030.'' 29 Tenn. App. 325, 203 S. W. (2d) 927.

■ Since a municipality is liable for damages for injuries sustained from slipping on a slick sidewalk negligently maintained, a fortiori, an abutting property owner or occupant who changes the surface and the grade of a public sidewalk for his own benefit and in the interest of a business operated, abutting on said sidewalk so as to create a dangerous situation, is liable in damages either upon the theory of negligence or upon the theory of the commission of a public nuisance. Osborn et al. v. City of Nashville, supra.

■ Under the Osborn and Wheeler cases, as well as Tschumi v. Bradley, supra, the question whether plaintiff was barred by contributory negligence or assumption of risk was for the jury.

We do not think Harbin v. Smith, 168 Tenn. 112, 115, 76 S. W. (2d) 107, cited by defendant in error, is in point. In that case plaintiff sought to recover damages for personal injuries sustained in a sidewalk accident for which

the abutting property owner was in no way responsible, liability being predicated on a city ordinance requiring the abutting property owner to maintain the sidewalk on which his property abutted. That case simply holds the common law duty to maintain sidewalks is on the municipality, and liability for negligence in their maintenance can not be shifted to abutting property owners by ordinances requiring such property owners to maintain the same. That such ordinances are for the benefit of the municipality, not the party injured whose recourse is against the municipality. The rule in the Harbin case does not limit the operation of the Osborn rule which was announced last, and it has no application to this case.

■ Likewise, the contention by defendant in error that plaintiff in error was not a licensee insofar as Crescent Amusement Company was concerned and Crescent accordingly owed him no duty except to refrain from wilfully and wantonly injuring him is untenable. Under the proof the plaintiff never entered on defendant's premises so as to require consideration of his status as an invitee, licensee, or otherwise. But, was walking along the public sidewalk where, as a pedestrian, he was, and is, entitled to the benefit of the Osborn rule. So, we sustain the first assignment.

■ The second assignment, which complains of the exclusion of certain testimony by a witness, Robert Arnold, with respect to two occasions, when he slipped and fell on the wet terrazzo, is not good. As to his first fall, Arnold could not say whether it was on the concrete or the terrazzo and with respect to his second fall, the trial court stated his understanding of Arnold's testimony was that he did not fall where plaintiff fell. Arnold's

testimony does leave this uncertain. So, the testimony was not competent as to either.

If upon the retrial of the case, the witness Arnold is able to identify the place where the plaintiff fell as being that at which he fell, and the facts and circumstances of the two occasions are otherwise substantially similar, the trial judge should admit such testimony for consideration by the jury, but he was not in error in ruling as he did on the occasion of this trial.

For reasons stated the case is remanded to the Circuit Court of Lincoln County for a new trial.

Shriver and Chattin, JJ., concur.