IN THE COURT OF APPEALS OF TENNESSEE
WESTERN SECTION AT JACKSON

FILED

October 16, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

JESSIE W. JONES and wife,
MELISSA A. JONES,

       Plaintiffs/Appellants,

vs.

TIPTON COUNTY, TENNESSEE,

       Defendant/ Appellee.

Tipton Law No. 4368
Appeal No. 02A01-9704-CV-00090

---

DISSENT

---

HOLLY KIRBY LILLARD, J.

     I respectfully dissent from the majority's affirmation of the trial court's grant of summary judgment to defendant Tipton County. I believe that the allegations in the Complaint, together with the plaintiff's affidavits, are sufficient to survive the defendant's motion for summary judgment.

     In their complaint, the Joneses aver generally that a "defective unsafe or dangerous condition" existed with respect to the road in question. The majority rightly notes that the only specific fact cited in support of this allegation is the purported existence of a "large pothole or sinkhole in the road. . . ." The plaintiffs have produced no evidence that the defendants had actual or constructive knowledge of the pothole or sinkhole. Therefore, if the pothole or sinkhole were the only alleged defect in the road, summary judgment would be appropriate.

     However, Mr. Jones also filed an affidavit in response to the City's motion to dismiss in which he stated that he "went over a hill at a spot where the road curves to the left." At this point in the road, "there were no signs warning of a hill or curves at this spot." He alleges that inadequate signs, a "dangerous drop-off" and lack of guardrails created a dangerous condition. Obviously, the defendants would have notice of the signage, the curve in the road and the lack of guardrails.

     In Tennessee, a pleading "which, by fair and natural construction, shows a substantial cause of action, is sufficient, and every reasonable presumption must be made in its favor, not against it." *Wheeler v. City of Maryville*, 203 S.W.2d 924, 926, 29 Tenn. App. 318, 321-22 (1947). Here, the complaint generally alleges a dangerous condition and cites only the pothole or sinkhole as a specific fact supporting the allegation. However, the plaintiff's affidavit cites additional specific facts to further support the Complaint's general allegation of a dangerous condition.

Although this Court has no duty to create a claim the pleader does not spell out in its complaint, *see Donaldson v. Donaldson*, 557 S.W.2d 60, 62 (Tenn. 1977), we will give effect to the substance rather than the form and terminology of a pleading. *See Usrey v. Lewis*, 553 S.W.2d 612, 614 (Tenn. App. 1977). *See also Brown v. City of Manchester*, 722 S.W.2d 394 (Tenn. App. 1986); *Adams v. Carter County Memorial Hospital*, 548 S.W.2d 307, 308-09 (Tenn. 1977) ("All that Tenn. R. Civ. P. requires is that a complaint contain a short, plain statement of a claim showing the pleader is entitled to relief along with a claim of damages.").

Consequently, I would reverse the trial court's grant of summary judgment and remand the case for trial.

_____

HOLLY KIRBY LILLARD, J.