IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned On Briefs March 23, 2010

**JEREMY WHITE v. COMMISSIONER GAYLE RAY,**[1] **ET AL.**

**Direct Appeal from the Chancery Court for Lake County**
**No. 5516     Tony Childress, Chancellor**

**No. W2009-01766-COA-R3-CV - Filed April 29, 2010**

This appeal arises out of the disciplinary conviction of a prisoner for drug possession. The prisoner filed a petition for writ of certiorari with the chancery court seeking to review the actions of the prison disciplinary board. The chancery court issued the writ and determined that the prisoner was not entitled to relief. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded**

DAVID R. FARMER, J., delivered the opinion of the Court, in which HOLLY M. KIRBY, J. and J. STEVEN STAFFORD, J., joined.

Jeremy White, *Pro Se*

Robert E. Cooper, Jr., Attorney General and Reporter, Michael E. Moore, Solicitor General and Jennifer L. Brenner, Assistant Attorney General, Tennessee, for the appellee(s), Commissioner Gayle Ray, et al.

**OPINION**

**I.  Background and Procedural History**

The appellant, Jeremy White, is an inmate in the custody of the Tennessee Department of Correction. At all times relevant to this dispute, Mr. White was incarcerated at the

---

[1]Commissioner Gayle Ray was sworn in as the Commissioner of the Department of Correction on January 14, 2010 and pursuant to Tenn. R. Civ. P. 25.04(1) was substituted for Commissioner Little.

Northwest Correctional Complex in Tiptonville, Tennessee.[2] On February 1, 2008, prison officials cited Mr. White for possession of illegal drugs. The disciplinary report filed against him explained that a random search of Mr. White produced six individually wrapped packets of marijuana from his back pocket. Mr. White first reported that the packets contained tobacco, but he later admitted upon questioning that the packets contained marijuana. A subsequent field test confirmed that the confiscated substance contained tetrahydrocannabinol or "THC," the active ingredient in marijuana. On February 29, 2008, the disciplinary board convened to consider the charges filed against Mr. White. After reviewing the testimony and evidence presented, the presiding officer concluded that a preponderance of the evidence established Mr. White's guilt, specifically noting testimony regarding the search of Mr. White and the positive field test.

Mr. White filed a petition for writ of certiorari with the chancery court following unsuccessful appeals to the prison warden and the commissioner of the Tennessee Department of Correction.[3] The petition asserted that the disciplinary board failed to adhere to the Uniform Disciplinary Procedures, thereby substantially prejudicing the prisoner. The petition further alleged that the pending infraction was the result of a scheme to plant marijuana on the prisoner in retaliation for his prior participation in unrelated proceedings. Mr. White requested that the court issue the writ of certiorari; find the proceedings illegal, fraudulent, arbitrary, or in excess of the board's jurisdiction; expunge his disciplinary infraction; order the repayment of four dollars paid as a fine; order his reclassification to minimum security and return to the Northwest Correctional Complex; and grant a temporary and permanent injunction enjoining prison officials from retaliating against him.

The appellees initially responded to Mr. White's petition with a motion to dismiss arguing that Mr. White's unpaid court costs barred the suit, but the court denied the motion after the costs were paid. The appellees thereafter filed a notice of no opposition to issuing the writ to review the disciplinary proceedings, and the certified record was filed. Upon review of the certified record, the chancery court determined Mr. White was not entitled to relief. The court found no merit in Mr. White's arguments concerning the alleged violations of the Uniform Disciplinary Procedures. The court further concluded that material evidence supported the board's finding on the charge of drug possession. In its order, the court also denied a separate motion for injunctive relief that Mr. White filed. Mr. White timely appealed.

_____

[2]Mr. White is now incarcerated at the West Tennessee State Penitentiary in Henning, Tennessee.

[3]The certified record does not contain a copy of Mr. White's appeal to the commissioner. The parties, however, do not dispute this fact.

## II. Issues Presented

Mr. White presents the following issues, as we perceive them, on appeal:

(1)      Whether the chancery court erred when it dismissed his motion for entry of default and his motion to submit evidence because he failed to sign the motions;

(2)      Whether the chancery court erred when it determined the disciplinary board did not exceed its jurisdiction or act illegally, fraudulently, or arbitrarily;

(3)      Whether the chancery court erred when it denied his motion for injunctive relief without issuing findings of fact and conclusions of law.

## III. Standard of Review

This Court has explained the standard of review in an appeal from the decision of a prison disciplinary board thus:

> "The common-law writ of certiorari serves as the proper procedural vehicle through which prisoners may seek review of decisions by prison disciplinary boards, parole eligibility review boards, and other similar administrative tribunals." *Jackson v. Tenn. Dep't of Corr.*, No. W2005-02240-COA-R3-CV, 2006 WL 1547859, at *3 (Tenn. Ct. App. June 8, 2006) (citing *Rhoden v. State Dep't of Corr.*, 984 S.W.2d 955, 956 (Tenn. Ct. App. 1988)). The issuance of a writ of common-law certiorari is not an adjudication of anything. *Keen v. Tenn. Dep't of Corr.*, No. M2007-00632-COA-R3-CV, 2008 WL 539059, at *2 (Tenn. Ct. App. Feb. 25, 2008) (citing *Gore v. Tenn. Dep't of Corr.*, 132 S.W.3d 369, 375 (Tenn. Ct. App. 2003)). Instead, it is "simply an order to the lower tribunal to file the complete record of its proceedings so the trial court can determine whether the petitioner is entitled to relief." *Id.* (citing *Hawkins v. Tenn. Dep't of Corr.*, 127 S.W.3d 749, 757 (Tenn. Ct. App. 2002); *Hall v. McLesky*, 83 S.W.3d 752, 757 (Tenn. Ct. App. 2001)). "Review under a writ of certiorari is limited to whether the inferior board or tribunal exceeded its jurisdiction or acted illegally, arbitrarily, or fraudulently." *Jackson*, 2006 WL 1547859, at *3 (citing *McCallen v. City of Memphis*, 786 S.W.2d 633, 640 (Tenn. 1990)). "The reviewing court is not empowered 'to inquire into the intrinsic correctness of the board's decision.'" *Gordon v. Tenn. Dep't of Corr.*, No.

M2006-01273-COA-R3-CV, 2007 WL 2200277, at *2 (Tenn. Ct. App. July 30, 2007) (quoting *Willis v. Tenn. Dep't of Corr.*, 113 S.W.3d 706, 712 (Tenn. 2003)). Our Supreme Court has held that a common-law writ of certiorari may be used to remedy: "(1) fundamentally illegal rulings; (2) proceedings inconsistent with essential legal requirements; (3) proceedings that effectively deny a party his or her day in court; (4) decisions beyond the lower tribunal's authority; and (5) plain and palpable abuses of discretion." *Gordon*, 2007 WL 2200277, at *2 (citing *Willis*, 113 S.W.3d at 712). The reviewing court does not weigh the evidence, but must uphold the lower tribunal's decision if the lower tribunal "acted within its jurisdiction, did not act illegally or arbitrarily or fraudulently, and if there is any material evidence to support the [tribunal's] findings." *Jackson*, 2006 WL 1547859, at *3 (citing *Watts v. Civil Serv. Bd. of Columbia*, 606 S.W.2d 274, 276-77 (Tenn. 1980); *Davison v. Carr*, 659 S.W.2d 361, 363 (Tenn. 1983)). "A board's determination is arbitrary and void if it is unsupported by any material evidence." *Gordon*, 2007 WL 2200277, at *2 (citing *Watts*, 606 S.W.2d 274, 276-77 (Tenn. 1980)). Whether there existed material evidence to support the board's decision is a question of law which should be determined by the reviewing court based on the evidence submitted. *Id.* (citing *Watts*, 606 S.W.2d at 277).

This Court must review a trial court's conclusions of matters of law de novo with no presumption of correctness. *Gordon*, 2007 WL 2200277, at *2 (citing Tenn. R. App. P. 13(d); *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000)). Because our review of the board's determination "is no broader or more comprehensive than that of the trial court with respect to evidence presented before the [b]oard[,]" *[i]d.* (citing *Watts*, 606 S.W.2d at 277), this Court "will not 'inquire into the intrinsic correctness of the [b]oard's decision,' but will uphold the decision if it was reached lawfully and in a constitutional manner." *Id.* (quoting *Hopkins v. Tenn. Bd. of Paroles and Prob.*, 60 S.W.3d 79, 82 (Tenn. Ct. App. 2001)).

*Ross v. Tenn. Dep't of Corr.*, No. W2008-00422-COA-R3-CV, 2008 WL 4756873, at *2-3 (Tenn. Ct. App. Oct. 30, 2008) (*no perm. app. filed*).

### IV. Analysis

### *A. Unsigned Motions*

Mr. White first argues that the chancery court erred when it declined to grant his motion for entry of default and his motion to submit evidence for the record. Rule 11.01 of

the Tennessee Rules of Civil Procedure provides:

> Every pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party. Each paper shall state the signer's address and telephone number, and Tennessee Board of Professional Responsibility number, if any. Except when otherwise specifically provided by rule or statute, pleadings need not be verified or accompanied by affidavit. An unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party.

Tenn. R. Civ. P. 11.01. The chancellor determined that Mr. White signed neither motion as Rule 11.01 requires. The court, as a consequence, struck the motions and noted that its decision should not be construed as prohibiting Mr. White from filing future motions that comply with the procedural rules. Mr. White argues on appeal that signed copies of the motions attached as exhibits to his appellate brief demonstrate the error in the chancery court's decision. These motions, however, are not found in the technical record and are not part of the record on appeal. *See Jennings v. Sewell-Allen Piggly Wiggly*, 173 S.W.3d 710, 712 (Tenn. 2005) (citing *State v. Matthews*, 805 S.W.2d 776, 783-84 (Tenn. Crim. App. 1990)) (recognizing that materials appended to an appellate brief are not part of the record on appeal). Because our review of the record confirms that Mr. White signed neither motion, he has failed to demonstrate any error in the chancellor's decision.

Mr. White nevertheless argues that the dismissal of his motion to submit evidence violated Tennessee Code Annotated section 27-9-111, which provides that a hearing on a writ of certiorari "shall be on the proof introduced before the board or commission contained in the transcript, and upon such other evidence as either party may desire to introduce." Tenn. Code. Ann. § 27-9-111(b) (Supp. 2009). Even if, as Mr. White argues, he was entitled to introduce a transcript of the disciplinary hearing as evidence, the chancellor is nonetheless bound to adhere to the rules of civil procedure. The chancellor did not reject the motion because it offered the transcript as evidence; instead, the court denied the motion solely because it did not contain Mr. White's signature as Rule 11.01 requires. The court's order specifically permitted Mr. White to re-file the motion consistent with procedural rules; Mr. White simply chose not to. Thus, any error due to the failure to include the transcript in the record is attributable to Mr. White, not the court. The chancellor's decision to strike the motions is affirmed.

### B. Petition for Writ of Certiorari

The next question before this Court is whether the disciplinary board exceeded its jurisdiction or acted illegally, fraudulently, or arbitrarily when it found Mr. White guilty of drug possession. Mr. White first argues that the disciplinary board acted illegally or arbitrarily because it failed to follow the Uniform Disciplinary Procedures.[4] Mr. White contends that the disciplinary board deviated from these procedures when it: (1) declined to dismiss the disciplinary report filed against him after testimony at the disciplinary hearing allegedly revealed that the report was inaccurate, (2) deprived him of the assistance of an inmate advisor, (3) denied him an opportunity to present the written testimony of inmate John Griffis, and (4) refused his request to present Sergeant Joe Smith as a witness. He also argues that material evidence does not support the board's decision. Our review of the certified record reveals that several of Mr. White's allegations are unsubstantiated; further, any deviation, if any, from the Uniform Disciplinary Procedures established in this case was minor, did not prejudice the prisoner, and would not have affected the disposition of his case. Because material evidence supports the board's decision, we conclude that Mr. White is not entitled to relief.

The Uniform Disciplinary Procedures govern disciplinary actions in the state correctional system. These procedures are intended "'[t]o provide for the fair and impartial determination and resolution of all disciplinary charges placed against inmates.'" *Willis v. Tenn. Dep't of Corr.*, 113 S.W.3d 706, 713 (Tenn. 2003) (quoting TDOC Policy No. 502.01(II)). These procedures are "not intended to create any additional rights for inmates beyond those which are constitutionally required." TDOC Policy No. 502.01(V). Deviations from the Uniform Disciplinary Procedures will warrant dismissal of a disciplinary offense only if "the inmate is able to show substantial prejudice as a result and that the error would have affected the disposition of the case." *Id.* Minor deviations do not entitle a prisoner to relief under a common-law writ of certiorari if the prisoner suffers no prejudice. *Jeffries v. Tenn. Dep't of Corr.*, 108 S.W.3d 862, 873 (Tenn. Ct. App. 2002) (citing TDOC Policy No. 502.01(V)). "To trigger judicial relief, a departure from the Uniform Disciplinary Procedures must effectively deny the prisoner a fair hearing." *Id.*

Mr. White's first contention is that the disciplinary board violated the Uniform Disciplinary Procedures when it declined to dismiss the disciplinary report filed against him because the report was inconsistent with the citing officer's testimony at the disciplinary hearing. The Uniform Disciplinary Procedures require a disciplinary board or hearing officer

---

[4]We note that the mere incantation of the words "due process" does not constitute an argument on the issue. Although the appellant mentions the phrase throughout his brief, it is clear to this Court that the substance of his argument is directed at the alleged violations of the Uniform Disciplinary Procedures.

to dismiss any disciplinary report that "fails to adequately state an offense, contains errors, or has not been properly completed." TDOC Policy No. 502.01(VI)(L)(5)(f)(1). Mr. White interprets the disciplinary report in this case as erroneously stating that the search conducted on February 1, 2008, occurred in the prison yard, whereas the officer who performed the search stated at the disciplinary hearing that he stopped Mr. White in the yard and then conducted the search in an office area. The reports states, in pertinent part, that "Officer Owens stopped Timothy White 375063 on 11 and 12 yard. And did a random search. Inmate White did have in his back pocket 6 individually wrapped packs of marijuana." We do not read the report to indicate that the search occurred in the yard; rather, it merely suggests that a search occurred sometime after the prisoner was stopped in the yard. Thus, we find no inconsistency between the disciplinary report and the testimony before the disciplinary board. Consequently, we find no violation of the Uniform Disciplinary Procedures.

Mr. White next argues that the disciplinary board improperly denied him the assistance of an inmate advisor during his disciplinary hearing and improperly denied his request to submit the written statement of fellow inmate John Griffis. The record supports neither contention. The certified record clearly demonstrates that an inmate advisor was present during the proceedings and it indisputably contains the written statement of inmate John Griffis.[5] In fact, Mr. White concedes in his brief that his inmate advisor participated to some degree in both the preparation and presentation of his case. He further concedes that his fellow inmate's written statement was included in the certified record. He cites nothing, however, in the record on appeal to support his arguments to the contrary.[6] On the state of the record and the arguments before us, we are unable to conclude that the disciplinary board violated the Uniform Disciplinary Procedures or acted illegally, fraudulently, or arbitrarily.

Mr. White finally argues that the board violated the Uniform Disciplinary Procedures when it denied him an opportunity to present Sgt. Smith as a witness. The Uniform Disciplinary Procedures give an inmate who pleads not guilty the "right to present the

---

[5]Although it is not entirely clear from the certified record, one could potentially draw the inference that the presiding officer orally denied Mr. White's attempt to enter the statement of inmate John Griffis into the record. Nevertheless, the aforementioned statement was included in the certified record. Without more, we are unwilling to conclude that the disciplinary board refused to allow Mr. White to submit the written statement in violation of TDOC Policy No. 502.01(VI)(L)(4)(d)(3), which permits a witness to "submit a written witness statement when the personal appearance of a witness has been denied." Further, it is not at all clear whether such a denial, if established, would entitle the prisoner to relief under the circumstances.

[6]Mr. White repeatedly cites in his brief a transcript of the disciplinary hearing purportedly prepared from a recording of the hearing. This transcript, however, does not appear as a part of the certified record and the chancery court denied Mr. White's motion to file the transcript in the proceedings before it. It would appear, therefore, that the transcript is not a part of the record on appeal and should not be considered. Even if we considered the transcript, it is not readily apparent that our conclusion would differ.

testimony of *relevant witness(es) . . . .*" TDOC Policy No. 502.01(VI)(L)(4)(c)(6) (emphasis added). The disciplinary board denied Mr. White's request to present the testimony of Sgt. Smith, finding the testimony irrelevant because Sgt. Smith had "nothing to do with [the] hearing." Mr. White apparently intended to question Sgt. Smith on a statement the sergeant allegedly made during a hearing involving another inmate that, "White will get his." We find no error in the disciplinary board's decision to exclude as irrelevant the testimony of Sgt. Smith, who was not involved in these disciplinary proceedings. Even if the disciplinary board erroneously excluded the testimony, we are unpersuaded that the exclusion substantially prejudiced the prisoner, effectively denied him a fair hearing, or affected the outcome of the hearing.

The sole remaining question on this issue concerns whether material evidence supports the disciplinary board's decision. The certified record contains testimony regarding the search of Mr. White, the chain of custody of the illegal drugs, and the positive field test—none of which is disputed. Rather, Mr. White concedes that marijuana was found on his person during a random search conducted February 1, 2008, but argues that evidence concerning an alleged scheme to plant the drugs on him is more compelling than the evidence offered against him. We disagree. Furthermore, the question is not whether a preponderance of the evidence favors Mr. White's account; it is whether any material evidence supports the finding of the disciplinary board. It cannot be seriously argued that the decision to find Mr. White guilty of drug possession is not supported by material evidence. We accordingly hold that the board's decision was not illegal, fraudulent, or arbitrary. Mr. White has not demonstrated a right to relief.

### C. *Motion for Injunctive Relief*

As a final matter, Mr. White submits that the chancery court erred when it denied his motion for injunctive relief because it failed to issue findings of fact and conclusions of law to support its decision.[7] We need not reach this question, however, because the "Motion for Injunctive Relief" is not properly before this Court. Courts give effect to the substance of a pleading, not its title, form, or terminology. *Brown v. City of Manchester*, 722 S.W.2d 394, 397 (Tenn. Ct. App. 1986) (citing *Usrey v. Lewis*, 553 S.W.2d 612, 614 (Tenn. Ct. App. 1977); *Wheeler v. City of Maryville*, 203 S.W.2d 924, 925-26 (Tenn. Ct. App. 1947)). The same holds true for the filings of *pro se* litigants. *Young v. Barrow*, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003) (citations omitted). The document titled "Motion for Injunctive Relief" is in substance an original cause of action seeking injunctive relief on the basis of

---

[7]Mr. White makes no argument as to the request for injunctive relief in his petition for writ of certiorari.

alleged retaliation by prison officials against Mr. White.[8]  As such, it cannot be joined with an appellate cause of action such as a petition for writ of certiorari.  *Hunter v. Metro. Bd. of Zoning Appeals*, No. M2002-00752-COA-R3-CV, 2004 WL 315060, at *4 (Tenn. Ct. App. Feb. 17, 2004) (*no perm. app. filed*) ("[A]ppellate causes of action, like a petition for common-law writ of certiorari, may not be combined with original causes of action. . . .").  This original action should have been dismissed at the trial level and is not properly before this Court on appeal.  *Tenn. Envtl. Council v. Water Quality Control Bd.*, 250 S.W.3d 44, 58-59 (Tenn. Ct. App. 2007); *Winkler v. Tipton County Bd. of Educ.*, 63 S.W.3d 376, 383 (Tenn. Ct. App. 2001); *Byram v. City of Brentwood*, 833 S.W.2d 500, 502 (Tenn. Ct. App. 1991) (citation omitted); *Goodwin v. Metro. Bd. of Health*, 656 S.W.2d 383, 387 (Tenn. Ct. App. 1983).  For the foregoing reasons, we have concluded that the appellant's original cause of action for retaliation must be dismissed.

## V.  Conclusion

We affirm the decision of the chancery court for the reasons stated herein.  Costs of this appeal are taxed to the appellant, Jeremy White, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE

---

[8]Several characteristics of the sworn filing indicate that it is in substance an original cause of action. The filing contains a list of factual assertions, an asserted cause of action for retaliation, and a specific request for temporary and permanent injunctive relief.  More specifically, the filing submits that the prison officials' actions amounted to "retaliation" in that: (1) Mr. White was engaged in protected conduct when he filed various grievances against the prison officials and petitioned the courts for redress of those grievances, (2) prison officials subjected him to adverse action due to his willingness to exercise his constitutional rights and in order to deter him from continuing to engage in protected conduct, and (3) a causal connection existed between the first two elements.  Additionally, the filing contains appended materials that primarily relate to the allegation of retaliation and are not relevant to the review of Mr. White's disciplinary infraction.