IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 10, 2005

# JOHN D. COOKE III v. TENNESSEE DEPARTMENT OF CORRECTION, ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 02C-3340     Walter Kurtz, Judge**

---

**No. M2003-02441-COA-R3-CV - Filed February 4, 2005**

---

The plaintiff sought a common law writ of certiorari to review the action of a prison disciplinary board. The Circuit Court held that the correction of the Board's decision was not subject to judicial review. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

WILLIAM H. INMAN, SR. J., delivered the opinion of the court, in which WILLIAM C KOCH, JR., P.J.M.S., and FRANK G. CLEMENT, JR., J., joined.

John D. Cooke III, *pro se*.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; Arthur Crownover II, Senior Counsel, for the appellee, Tennessee Department of Correction, West Tennessee State Penitentiary, and West Tennessee State Penitentiary - Site II - Disciplinary Board.

## OPINION

The plaintiff/appellant is an inmate in the Tennessee Department of Corrections. He filed a petition for certiorari to review the actions of a prison disciplinary board which was affirmed by the Warden and later by the Commissioner of Correction. The Circuit Court dismissed the petition for certiorari, holding in accord with *Akeem v. Campbell*, 2001 WL 11346250 (Tenn. Ct. App., Nov. 2, 2001) that the correctness of the action is not subject to judicial review under the common law writ of certiorari. The plaintiff appeals, insisting that the Department of Correction did not abide its own policies Appellate review is *de novo* on the record, with the presumption that as to factual matters the judgment is correct, but with no presumption as to matters of law. *See*, Rule 13(d), Tenn. R. App. P.

The petitioner seeks a review of disciplinary action taken against him by the prison Disciplinary Board. He was charged with an infraction because he failed to properly answer at the

roll call. He pleaded guilty to the disciplinary infraction, and argues that he did so because he was told that he would have to remain for a further time in close confinement prior to a contested hearing.

The motion to dismiss was premised upon the principle that the facts alleged in the petition do not warrant review either under the statutory or common law certiorari statute and case law.

The common law writ of certiorari is appropriate to review the action of a prison disciplinary board, ***Rhoden v. State Dep't of Correction***, 984 S.W.2d 955 (Tenn. Ct. App. 1998) but review is limited. Tenn. Code Ann. § 27-8-101. It does not provide a remedy as to the *correctness* of the decision of the Board, because the intrinsic correctness of the decision is not subject to judicial review. ***Powell v. Parole Eligibility Review Board***, 879 S.W.2d 871 (Tenn. Ct. App. 1994). The power of the writ is restricted to a determination of whether the Board exceeded its jurisdiction or is acting illegally. ***Yokley v. State***, 632 S.W.2d 123 (Tenn. Ct. App. 1981).

We are not at liberty to review the correctness of the discipline imposed upon the appellant and the judgment is affirmed at his costs.

_____
WILLIAM H. INMAN, SENIOR JUDGE