IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 14, 2007

## AARON WALKER v. TENNESSEE DEPARTMENT OF CORRECTION

Appeal from the Chancery Court for Davidson County
No. 04-777-I     Claudia Bonnyman, Chancellor

No. M2005-00209-COA-R3-CV - Filed July 18, 2007

An inmate of the Department of Correction appeals dismissal by the trial court of his Petition for Writ of Certiorari of a Department of Correction Disciplinary Proceeding. The trial court upheld the action of the Department of Correction. The judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR., P.J., M.S., and PATRICIA J. COTTRELL, J., joined.

Aaron Walker, Nashville, Tennessee, Pro Se.

Robert E. Cooper, Attorney General and Reporter, and Jennifer R. Bailey, Assistant Attorney General, for the appellee, Tennessee Department of Correction.

### OPINION

Appellant is an inmate in the Department of Correction who was charged with the possession of contraband, same being a cell phone and a DVD player. On January 5, 2004, he was found guilty of the offense by the hearing officer. On January 16, Appellant filed an appeal to Warden Ricky Bell who affirmed the ruling of the disciplinary board. On March 16, 2004, Appellant filed his Petition for Writ of Certiorari in the Chancery Court of Davidson County, Tennessee.

The primary complaint made by Appellant is that he was placed in administrative segregation as a punitive measure contrary to TDOC Policy No. 404.10(IV) restricting administrative segregation to "non-punitive segregation for control purposes of inmates who are believed to be a threat to the security of the institution, the welfare of staff, or to other inmates."

The trial court found the record to be deficient and, on October 27, 2004, issued an order for the Department to produce the Administrative Segregation Placement Form for review by the Court.

On December 9, 2004, the trial court, in a commendable in-depth consideration of the record, entered its Order Dismissing the Petition for Writ of Certiorari holding:

> Petitioner, an inmate at Riverbend Maximum Security Institution in Nashville, Tennessee, filed a petition for writ of certiorari seeking review of a disciplinary board decision that found him guilty of possessing contraband and ordered him to administrative segregation. Petitioner alleges that his placement in segregation pending investigation of the charges was illegal and unauthorized. Petitioner also alleges that the Tennessee Department of Correction (TDOC) violated its own policies.
>
> The Court has reviewed the record: On December 29, 2003, Sergeant Valerie Cecil (Sergeant Cecil), Institutional Investigator, filed an incident report stating that a cell phone and DVD player were found in Petitioner's cell, Unit 6A-121. This cell also housed Inmate Phillip Cotton. Both Petitioner and Inmate Cotton were placed on lock down pending an investigation. Petitioner was placed in segregation pending the investigation.
>
> The investigation established that the cell phone and the DVD player were found in Petitioner's cell area, but that both inmates had use of the cell phone and for that reason, both inmates were formally charged with possession of contraband. On January 5, 2004, Petitioner's disciplinary hearing was held at the Riverbend Maximum Security Institution. An inmate advisor, Mr. Jorge Sanjines, represented Petitioner at this hearing. The cell phone and DVD player were produced as evidence. Petitioner stated that he used the cell phone and the DVD player, but that they did not belong to him. Petitioner further stated that Derrick Johnson bought the phone and pays the bill, and that Mr. Johnson had been released from TDOC custody 7 or 8 months ago. Petitioner waived his right to call witnesses on his behalf.
>
> Sergeant Cecil testified at the disciplinary hearing that both devices were found in Petitioner's cell area and that the numbers called on the cell phone are Petitioner's phone numbers. The disciplinary hearing officer found Petitioner guilty of contraband because these devices were found in his cell and recommended administrative segregation for Petitioner. Petitioner filed a disciplinary report appeal, but Warden Bell did not find any procedural violations in Petitioner's disciplinary hearing and affirmed the punishment as appropriate.
>
> Sergeant Cecil also wrote a report dated January 20, 2004. The report summarized the reasonable suspicion cell search that took place on December 20, 2003. Sergeant Cecil stated that Officer Carson admitted bringing the cell phone into the institutional [sic] and giving the cell phone to Petitioner. Officer Carson also admitted to bringing in cigars, movies, and music to give to inmates. Officer Carson also stated that he did not know who brought in the DVD player, but he knew that it belonged to Petitioner because Officer Carson had brought movies in for him.

In an order dated October 27, 2004, the Court directed Respondent to file the administrative segregation placement form because the Court could not discern from the record whether the hearing officer exceeded his authority by imposing administrative segregation. The Court needed to review the form so that it could determine whether the Warden imposed the administrative segregation and if so, why.

Prison disciplinary proceedings are properly reviewable through the common law writ of certiorari. Rhoden v. State Department of Correction, 984 S.W.2d 955 (Tenn.Ct.App.1998). The scope of review available through this writ is extremely narrow. Arnold v. Tennessee Bd. of Paroles, 956 S.W.2d 478, 480 (Tenn.1997). The writ may be used only to determine whether, in a particular case, the board in question exceeded its jurisdiction or acted illegally, fraudulently, or arbitrarily; it may not be used to review the correctness of the board's decision. Id.

The Court does not find the hearing officer's decision to be illegal, fraudulent, or arbitrary. The record substantiates Petitioner's conviction of possession of contraband. Nothing in the record leads the Court to conclude that Petitioner's disciplinary hearing was not fair or not impartial. The administrative segregation placement form verifies that the Warden imposed segregation upon recommendation of the Board, based on a threat to the security of the institution.

Further, the Court finds a "reliable determination of guilt." See Willis v. Tennessee Dept' of Corr., 113 S.W.3d 706, 714 (Tenn.2003)(If the Tennessee Department of Correction were (sic) to violate its own policies to such a degree that it administered punishment without a reliable determination of guilt, such a violation would be without legal authority and an abuse of discretion.") The Court does not find a violation of a liberty interest protected by the due process clause violation. In Willis, the Tennessee Supreme Court, relying on Sandin v. Conner, 515 U.S. 472 (1995), held that punitive and administrative segregation does not deprive an inmate of a liberty interest. Willis, 113 S.W.3d at 711. However, the imposition of a monetary fine to be paid from a prison trust fund account would constitute a deprivation of a property interest. In the instant case, Petitioner was not fined monetarily.

For the above state reasons, Petitioner's petition is dismissed.

Petitioner is taxed with the costs.

IT IS SO ORDERED.

The Final Order of the trial court is made after a review of the Administrative Segregation Placement Form appearing in the record from which it is indeed clear that the warden imposed segregation upon recommendation of the Board based on a threat to the security of the Institution. The trial court observed:

TDOC policies state that administrative segregation must be based on safety and security, not as punishment. The TDOC policy defines administrative segregation as "The non-punitive segregation of inmates, for control purposes, who are believed to be a threat to the security of the institution, the welfare of staff, or to other inmates." TDOC 404.10(IV)(A).

Since there is no evidence in the record to the contrary and the Administrative Segregation Placement Form is undisputed, the evidence does not preponderate against the judgment of the trial court.

The action of the trial court is in all respects affirmed, and costs of the cause are assessed to Appellant, Aaron Walker.

_____
WILLIAM B. CAIN, JUDGE