# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs December 11, 2009

## JUDSON EREMITY v. GEORGE LITTLE, ET AL. AND THE TENNESSEE DEPARTMENT OF CORRECTION

### Appeal from the Chancery Court for Hickman County
### No. 09-016C     James G. Martin, III, Chancellor

### No. M2009-01275-COA-R3-CV - Filed December 22, 2009

Certiorari proceeding in which an inmate seeks review of disciplinary board proceeding finding him guilty of assault on another inmate and revoking his sentence reduction credits. Petitioner asserts that disciplinary board acted arbitrarily and illegally in its utilization and application of Tennessee Department of Correction policies and, further, that the disciplinary board's handling of the hearing violated his rights to due process of law. Finding no error, we affirm the decision of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed

RICHARD H. DINKINS, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR. and ANDY D. BENNETT, JJ., joined.

Judson Eremity, Nashville, Tennessee, Pro Se.

David Shaw Sadlow, Nashville Tennessee, for the appellees, George Little and the Tennessee Department of Correction.

### OPINION

### I. Factual and Procedural History

Judson Eremity, an inmate presently incarcerated at Riverbend Maximum Security Institution,[1] filed a Petition in the Hickman County Chancery Court for common law writ of certiorari, seeking review of the action of the Turney Center Disciplinary Board in finding him guilty of assaulting another inmate and imposing penalties therefor.[2] The petition alleged that the members of the disciplinary board, the warden and the Commissioner of the Tennessee Department of

---

[1] The events giving rise to this proceeding occurred while Mr. Eremity was incarcerated at Turney Center Industrial Facility, Only, Tennessee.

[2] Assault is classified under the Administrative Policies and Procedures of the Tennessee Department of Correction as a Class A infraction (Policy No. 502.05 VI A 3) and is punishable as provided in Policy No. 502.02 VI E, J and K.

Correction ("TDOC") acted arbitrarily and illegally in finding him guilty and that their action violated various TDOC policies and Mr. Eremity's rights to due process of laws. The petition was granted, the writ issued and the record of Mr. Eremity's disciplinary proceeding filed with the court. Also filed under seal were a confidential informant's statement, an Incident Description Report and certain forms identified as CR-1391 forms.

After receiving written memoranda from the parties, the court entered an order dismissing the case, finding that the respondents followed TDOC policy when they considered the testimony of the confidential informant; afforded Mr. Eremity the due process rights to which he was entitled under the circumstances presented; and that the respondents had not acted in an arbitrary or illegal manner. Mr. Eremity appeals, presenting the following issues for review:

> 1. Whether Tennessee Department of Correction acted illegally and arbitrarily and exceeded its authority by substantially deviating from its own policies to such a degree that it administered punishment without a reliable determination of guilt.
> 2. Whether the deviations of Uniform Disciplinary Procedures by the Tennessee Department of Correction would not only be an violation of Uniform Disciplinary Procedures but would also infringe on an constitutionally protected right of Due Process.

## II. Scope of Review

The disciplinary board's action is reviewed through the common-law writ of certiorari. *Rhoden v. State Dep't of Corr.,* 984 S.W.2d 955 (Tenn. Ct. App. 1998). Under the certiorari procedure, the inquiry before this court is whether the board exceeded its jurisdiction or acted illegally, fraudulently or arbitrarily; we do not review the intrinsic correctness of the decision and will not grant relief if the decision was reached in a lawful and constitutional manner. *Maney v. Tenn. Bd. of Paroles*, No. 01A01-9710-CV-00562, 1998 WL 755002 (Tenn. Ct. App., Oct. 30, 1998).

## III. Discussion

A. Compliance of the Proceeding with TDOC Policy

TDOC Policy No. 502.01 is a comprehensive policy which governs disciplinary procedures with the purpose of providing for "the fair and impartial determination and resolution of all disciplinary charges placed against inmates committed to the Tennessee Department of Correction." Central to Policy No. 502.01 is the following statement of policy:

> Fair and impartial disciplinary proceedings will be administered against inmates charged with disciplinary infractions. The procedures contained herein alone shall govern the disciplinary process. This policy is not intended to create any additional rights for inmates beyond those which are constitutionally required. Minor deviations from the procedures set forth below shall not be grounds for dismissal of

a disciplinary offense unless the inmate is able to show substantial prejudice as a result and that the error would have affected the disposition of the case.

TDOC Policy No. 502.01 V.

Mr. Eremity challenges the disciplinary proceeding and board's action in several respects including: that the disciplinary board did not independently assess and verify the reliability of the confidential informant contrary to the requirements of TDOC Policy No. 502.01 VI L 4 e; that he was not allowed to cross-examine the inmate who was assaulted, in violation of TDOC Policy No. 502.01 VI L 4 c (3); that the evidence was insufficient to establish his guilt in violation of the presumption of innocence contained at TDOC Policy No. 502.01 VI L 4 k (1); that the proceeding was not fair and impartial in violation of TDOC Policy No. 502.01 VI L 4 c (3) and VI A 4 a; that the hearing panel was not constituted in accordance with TDOC Policy No. 502.01 VI A 4 a; and that the decision rendered by the board failed to comply with TDOC Policy No. 502.01 VI L 4 n (5). The primary thrust of Mr. Eremity's contention is that the board's utilization of and reliance upon the statement of the confidential informant violated TDOC policy and his rights to due process of law.

TDOC Policy No. 502.01 VI L 4 provides in pertinent part:

e. When the disciplinary hearing officer/chairperson determines that he/she should receive testimony from a confidential source whose identity cannot be disclosed due to either a fear of reprisal, or a breach of security information, or determines that he/she should receive evidence of a confidential/security sensitive nature, it shall be the responsibility of the disciplinary hearing officer to independently access and verify the reliability of the informant's testimony and/or the confidential security sensitive evidence.

f. Where the reliability of the confidential informant and/or the evidence of security sensitive nature has not been independently verified, such testimony or evidence shall not be considered by the disciplinary board/hearing officer in the disposition of the disciplinary charge(s).

g. Whenever confidential information or confidential security sensitive evidence is utilized by the disciplinary hearing officer/chairperson as a basis for its decision, the TDOC Contemporaneous Record of Confidential Informant Reliability, CR-3510, shall be completed to document the factual basis for the disciplinary hearing officer's/chairperson's finding that the informant and/or security sensitive evidence was reliable.

TDOC Policy 502.01 VI L 4 e-g.

The record in this case reflects that form CR-3510, styled "Contemporaneous Record Of Confidential Informant Reliability," was completed by the hearing officer and made a part of the disciplinary proceeding record. The form confirms that the hearing officer verified the reliability of

the confidential informant's testimony by receiving a sworn statement from the investigating officer. This is in accordance with Policy 502.01 VI L 4 e and g.

With respect to Mr. Emerity's contentions that his inability to cross-examine and, to the extent raised, confront the confidential informant, violated the disciplinary hearing policy, a thorough review of the policy shows that an inmate charged with a disciplinary infraction does not have the right to appear and/or cross-examine a witness who is a confidential source. *See* TDOC Policy 502.01 VI L 2 a (no right to appear when board is receiving testimony from a confidential source) and 502.01 VI L 4 c (3) (no right to cross-examine a confidential source or review adverse documentary evidence which is confidential). These contentions are without merit.

Similarly, Mr. Eremity's contention that the proceeding was not fair and impartial, specifically, that it violated Policies 502.01 VI L 4 c (3) and 502.01 VI A 4 a is without merit. The record contains the Disciplinary Report Hearing Summary which contains the information required by Policy 502.01 VI A 4. Moreover, as set forth above, he had no right to cross examine the confidential source.[3] The record shows that Mr. Eremity was afforded the rights specified in Policy 502.01 VI L 4 c

Mr. Eremity challenges the sufficiency of the evidence to sustain the finding of assault. Section VI L 4 k (1) of Policy 502.01 allows that the case against the inmate must be proved by a preponderance of the evidence, defined as the "degree of proof which best accords with reason and probability and is more probable than not." Policy 502.01 IV I. We have reviewed the evidence of record and determined that there is sufficient evidence to support the board's finding.

Mr. Eremity also complains that the board members who participated in his hearing were the same who heard the case of an inmate who had been charged for the same assault for which Mr. Eremity was found guilty immediately before his hearing. He contends that this violates Policy 502.01 VI A 4 a, which requires hearing board members to be designated on a case-by-case basis. The mere fact that the same board members heard the two cases does not establish a violation of the policy or to suggest that they were not properly designated to hear this case. Mr. Eremity fails to point to any defect in the hearing or other prejudice as a result of the composition of the hearing panel and we do not presume same. As stated above, the preponderance of the evidence supports the finding of guilt.

Lastly, Mr. Eremity contends that the board's statement summarizing the disciplinary hearing fails to comply with Policy 502.01 VI L 4 n 5, which requires that the disciplinary report hearing summary (Form CR-1834) state "detailed reasons for the board/hearing officer's . . . decision and summariz[e] the evidence which led to such decision." We have reviewed the statement and determined that it substantially complies with the policy. Of particular significance in this regard is the fact that much of the evidence in this case was obtained from a confidential informant and was, consequently, not appropriate for exposition. In any event, Mr. Eremity has failed to show any prejudice as a result of any perceived deficiency in the information contained on the form CR-1834.

---

[3] We note that Mr. Eremity waived his right to call witnesses on his behalf.

B.  Due Process of Law

Mr. Eremity asserts that the same matters which he alleged constituted violations of TDOC policy also violated his rights to due process of law.

It is clear that an inmate does not lose all constitutional protections when incarcerated; however, due process rights are subject to restrictions "imposed by the nature of the regime to which [prisoners] have been lawfully committed." *Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S.Ct. 2963, 2975 (1974); *see also Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593 (1972).  Mr. Eremity does not challenge Policy 502.01 as unconstitutional *per se* and our review of the specific provisions of the policy at issue in this appeal does not reveal a constitutional infirmity.

As we have found earlier, Mr. Eremity's challenge to the conduct of his hearing as violating TDOC policy is without merit.  For the same reasons we conclude that his constitutional challenge must fail.  The hearing panel was designated, the hearing conducted and evidence received in accordance with TDOC policy; the finding of guilt is supported by the evidence.[4]  He was afforded all rights to notice of the charge and an opportunity to be heard.  In the handling of this matter, the disciplinary board did not act arbitrarily, capriciously or in an illegal manner.

## IV.  Conclusion

For the foregoing reasons, we find no error in the determination by the trial court and, consequently, affirm same.

Costs of this appeal are assessed against Mr. Eremity, for which execution may issue if necessary.

_____
RICHARD H. DINKINS, JUDGE

---

[4] As noted in *Wolff*, *supra*, a prison disciplinary proceeding is "not part of a criminal prosecution and the full panoply of rights due a defendant in such proceedings does not apply."  *Wolff*, 418 U.S. at 556, 94 S.Ct. at 2975.  The sufficiency of the evidence to sustain the finding of guilt is determined by the preponderance of the evidence in accord with  502.01 VI L 4 k (1).