# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs September 10, 2010

## JOHN F. JOHNSON v. TENNESSEE DEPARTMENT OF CORRECTION, ET AL.

**Appeal from the Chancery Court for Hickman County**
**No. 09-230C     Jeffrey S. Bivens, Chancellor**

---

**No. M2010-00665-COA-R3-CV - Filed December 22, 2010**

---

Certiorari proceeding in which an inmate seeks reversal of trial court's affirmance of disciplinary board proceeding finding inmate guilty of solicitation of staff in violation of Tennessee Department of Correction policy and grant of judgment on the record to the Tennessee Department of Corrections. Petitioner asserts that the decision of the disciplinary board was unsupported by material evidence and was procedurally defective. Finding no error, we affirm the decision of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR. and ANDY D. BENNETT, JJ., joined.

John F. Johnson, Only, Tennessee, *Pro Se.*

Robert E. Cooper, Jr., Attorney General and Reporter; Michael E. Moore, Solicitor General; and Kellena Baker, Assistant Attorney General, for the appellee, State of Tennessee.

## OPINION

### I. Factual and Procedural History

In April 2009, John F. Johnson ("Petitioner"), an inmate presently incarcerated at Turney Center Industrial Prison, sought to appeal an unfavorable decision on his consideration for release on parole. Among the material filed in support of his appeal, Mr. Johnson included information pertaining to three former inmates; the information was obtained from the TOMIS[1] system, which contains information on persons under the

---

[1] Tennessee Offender Management Information System

supervision of TDOC. An investigation requested by the Board of Paroles ensued, focusing on how Mr. Johnson secured the information, which was not otherwise available to him.

Included in the investigating officer's report was the following:

> THIS APPEAL INCLUDED THREE INMATES . . . FACE SHEET'S, BOARD ACTION SUMMARY VOTING LISTS FROM TOMIS, BOARD MEMBER VOTE DETAIL FROM TOMIS, BOARD MEMBER DETAIL "A" SCREEN FROM TOMIS, BOARD MEMBER DETAIL "B" SCREEN FROM TOMIS, SOME TIMES NOTED AS BEING PRINTED WERE 4/5/2009 5:42 PM, 4/2/2009 10:48 AM, 4/2/2009 10:44 AM. ALL TOMIS PRINT OFFS ENSURED THE EMPLOYEE BI NUMBER WAS WHITED OUT. THERE WERE ALSO TOMIS INCIDENT REPORTS ON THE LISTED INMATES IN WHICH INMATE JOHNSON 148720 WAS NOT INVOLVED AND HAD NO REAL REASON TO POSSESS THESE TOMIS DETAILS.
> INMATE JOHNSON 148720 WAS NOT COOPERATIVE DURING THE INVESTIGATION AND GAVE FALSE LEADS AS TO THE EMPLOYEE WHOM WAS RESPONSIBLE FOR GIVING THIS INMATE UNAUTHORIZED INFORMATION OF OTHER INMATES.

The disciplinary proceeding at issue in this appeal was initiated based on the results of the investigation.

A disciplinary hearing was held on June 17, 2009, at which time Mr. Johnson was assisted by an inmate advisor. The disciplinary board convicted Mr. Johnson of the offense of solicitation of staff and assessed his punishment at a $5.00 fine, sixty days of probation and loss of sentence credits. Mr. Johnson's separate appeals to the warden and the commissioner were unsuccessful. He then filed a Petition in the Hickman County Chancery Court for a common law writ of certiorari, seeking review of the action of the disciplinary board.[2] The petition alleged that the board's decision was unsupported by material evidence and was otherwise procedurally defective. The petition was granted, the writ issued, and the record of the proceeding was filed with the court.

Respondents thereafter filed a Motion for Judgment on the Record, to which Mr. Johnson responded. The trial court granted the motion, finding that the conviction was supported by sufficient evidence, that Tennessee Department of Correction ("TDOC") policy does not require that the person solicited be identified in either the disciplinary report or in the course of the hearing, and that Mr. Johnson had been afforded his rights to due process

---

[2] Named as Respondents in the Petition were the Tennessee Department of Correction, Commissioner George Little, Sergeant Jack Middleton, Warden James Fortner, and Sergeant Nicky Jordan.

of law in connection with the disciplinary proceeding. Mr. Johnson appeals, presenting the following issues for review:

> 1. Should the Tennessee Department of Correction disciplinary board's decision be reversed when its decision is unsupported by material evidence?

> 2. Should the Tennessee Department of Correction disciplinary board's decision be reversed where the board has not exercised its responsibility in accordance with legal requirements and presented the court below with *all* the proof submitted before the board?

> 3. Was the Tennessee Department of Correction disciplinary board hearing procedurally defective in a significant way when the board relied upon evidence not provide[d] at the disciplinary hearing?

## II. Scope of Review

The disciplinary board's action is reviewed through the common-law writ of certiorari. *Rhoden v. State Dep't of Corr.*, 984 S.W.2d 955 (Tenn. Ct. App. 1998). Under the certiorari procedure, the inquiry before this court is whether the board exceeded its jurisdiction or acted illegally, fraudulently, or arbitrarily; we do not review the intrinsic correctness of the decision and will not grant relief if the decision was reached in a lawful and constitutional manner. *Maney v. Tenn. Bd. of Paroles*, No. 01A01-9710-CV-00562, 1998 WL 755002 (Tenn. Ct. App. Oct. 30, 1998). We do not weigh the evidence but must uphold the decision "if there is any material evidence to support the [tribunal's] findings." *Ross v. Tenn. Dep't of Corr.*, No. W2008-00422-COA-R3-CV, 2008 WL 4756873 at *2 (Tenn. Ct. App. Oct. 30, 2008) (quoting *Jackson v. Tenn. Dep't of Corr.*, No. W2005-02240-COA-R3-CV, 2006 WL 1547859 at *3 (Tenn. Ct. App. June 8, 2006)).

## III. Discussion

Mr. Johnson contends that the board's decision is unsupported by the evidence and that because he was not able to see the documents allegedly solicited or confront the solicited party, he was prevented him from presenting his defensive proof. He states that "necessary proof to sustain his conviction for solicitation of a staff member would have been the alleged solicited staff member and the alleged solicited documents" and that the failure of the board to require such proof was a "substantial deviation" from TDOC policy. He does not identify the specific provision of the policy which he contends sets forth the proof necessary to sustain a conviction for solicitation or the manner in which he alleges the policy was not followed.

The procedures governing TDOC disciplinary hearings are contained at TDOC Policy No. 502.01 VI L, with the rights of the inmate who pleads not guilty specified at No. 502.01 VI L 4 c. The decision of the disciplinary board is to be based "solely on the information obtained during the hearing process, including staff reports, the statements of the inmate charged . . . and any other evidence from witnesses and documents." No. 502.01 VI L 4 k. The inmate enjoys the presumption of innocence and the case against the inmate must be proven by a preponderance of the evidence. No. 502.01 VI L 4 k(1).

Initially, we address Mr. Johnson's contention that the identification of the staff member solicited or production of the documents obtained as a result of the solicitation was necessary to sustain his conviction.

Mr. Johnson was charged with violation of Policy No. 502.05 VI A 66 of the Administrative Policies and Procedures of the TDOC which designates solicitation of staff as a Class A offense and defines it as follows:

> To ask or seek a relationship with institutional or contract employees which extends beyond the normal inmate/employee interaction. This includes, but is not limited to, fraternization, business transactions, social association, romance or friendship.

Contrary to Mr. Johnson's argument, identification of the employee is not necessary to sustain a finding that an offense has been committed. So long as the person solicited is an institutional or contract employee the policy is violated; indeed, there may be compelling reasons not to disclose the identity of the employee. Likewise, there is nothing in the wording of the offense that requires production of the actual documents obtained as a result of the solicitation to sustain the offense.

In making its decision, the disciplinary board had before it the testimony and report of Sergeant Jordan, the investigating officer. The disciplinary report states, among other things, that Mr. Johnson was not cooperative during the investigation and gave false leads relative to the employee assertedly responsible for giving him the information used with respect to the appeal of the denial of his parole application. The hearing summary indicates that Mr. Jordan entered a plea of not guilty and stated that his girlfriend had sent the TOMIS screens to him. The board entered findings of fact and identified the evidence in support of its findings, which included the following: the fact that Mr. Johnson used the TOMIS documents with his earlier appeal; the disciplinary report; and the testimony of Officer Jordan. As with any fact-finding body, the board is free to draw inferences from the evidence before it and, as noted, it is not our function to re-weigh the evidence. The evidence of record is sufficient to sustain the board's finding that Mr. Johnson was engaged in fraternization or a business transaction with an institutional employee beyond normal interaction; as a consequence, the decision of the board finding Mr. Johnson guilty of

-4-

soliciting staff is not arbitrary. *See Watts v. City Serv. Bd. for Columbia*, 606 S.W.2d 274, 276–77 (Tenn. 1980).

Mr. Johnson further contends that the fact that he was not able to see the documents or confront the solicited party prevented him from presenting his defensive proof at the hearing. He identifies this "contradictory evidence he ultimately presented on appeal" as the affidavit of Seantell Booker and asserts that "Ms. Booker's affidavit and accompanying exhibits {the documents presented by Mr. Johnson to the parole board} would have been compared to the original solicited documents that Correctional Officer Nicky Jordan made reference to in his disciplinary report."

We fail to see how the fact that the solicited party was not identified or that Mr. Johnson was not able to view the original documents prevented him from presenting Ms. Booker's affidavit (or the information contained in the affidavit) at the hearing, if he desired. He was aware that an investigation had been undertaken to determine how he got the documents to attach to his parole appeal papers, and he had been interviewed by the investigating officer; the record reflects that Mr. Johnson was uncooperative with the investigation and gave false leads. He does not contend that he was prohibited in any way at the hearing from introducing the affidavit of Ms. Booker. To the extent Mr. Johnson had information which he wished the disciplinary board to consider he has failed to identify any action or ruling of the board that prevented him from doing so.

## IV. Conclusion

Mr. Johnson's challenge to the conduct of his hearing as violating TDOC policy is without merit; the hearing was conducted and evidence received in accordance with TDOC policy and the finding that he violated Policy No. 502.05 VI A 66 is supported by the evidence.[3] In the handling of this matter, the disciplinary board did not act arbitrarily, capriciously, or in an illegal manner. We find no error in the determination by the trial court and, consequently, affirm same.

_____
RICHARD H. DINKINS, JUDGE

---

[3] As noted in *Wolff v. McDonnell*, 418 U.S. 539 (1974), a prison disciplinary proceeding is "not part of a criminal prosecution and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff*, 418 U.S. at 556. The sufficiency of the evidence to sustain the finding of guilt is determined by the preponderance of the evidence in accord with 502.01 VI L 4 k (1).