IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 8, 2012

## JAMES LAFAYETTE MOORE v. TURNEY CENTER DISCIPLINARY BOARD, ET AL.

**Appeal from the Chancery Court for Hickman County**
**No. 08345C    Timothy L. Easter, Chancellor**

---

**No. M2011-01193-COA-R3-CV - Filed June 7, 2012**

---

This is a certiorari proceeding in which an inmate seeks review of a disciplinary board proceeding that found him guilty of assault on another inmate. Petitioner asserts that the manner in which the disciplinary proceeding was conducted violated Tennessee Department of Correction policies. Finding no error, we affirm the decision of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR. and ANDY D. BENNETT, JJ., joined.

James Lafayette Moore, Henning, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Joseph F. Whalen, Associate Solicitor General; and Lee Pope, Office of the Attorney General General, for the appellee, State of Tennessee.

## OPINION

This case comes before this Court for the second time. James Moore, an inmate presently incarcerated at West Tennessee State Penitentiary,[1] filed a Petition in the Hickman County Chancery Court for a common law writ of certiorari, seeking review of the action of the Turney Center Disciplinary Board (the "Board") in finding him guilty of assaulting another inmate. The petition alleged that the members of the disciplinary board, the warden and the Commissioner of the Tennessee Department of Corrections ("TDOC") acted

---

[1] The events giving rise to this proceeding occurred while Mr. Moore was incarcerated at Turney Center Industrial Facility.

arbitrarily and illegally in finding him guilty and that their action violated various TDOC policies and Mr. Moore's rights to due process of laws. The action was dismissed for Petitioner's failure to comply with Tenn. Code Ann. § 41-21-805; this Court reversed the dismissal and remanded the case for further proceedings. *Moore v. Turney Center Disciplinary Board, et. al.*, No. M2009-01056-COA-R3-CV, 2010 WL 1404444 (Tenn. Ct. App. Apr. 7, 2010).

The writ of certiorari was issued and the Department filed the certified record of Mr. Moore's conviction. On May 12, 2011, the court entered its order dismissing the case for failure to state a claim for relief;[2] Mr. Moore appeals.

## I. SCOPE OF REVIEW

The disciplinary board's action is reviewed through the common-law writ of certiorari. *Rhoden v. State Dep't of Corr.*, 984 S.W.2d 955 (Tenn. Ct. App. 1998). Under the certiorari procedure, the inquiry before the court is whether the board exceeded its jurisdiction or acted illegally, fraudulently or arbitrarily; the intrinsic correctness of the decision is not reviewed and relief will not be granted if the decision was reached in a lawful and constitutional manner. *Maney v. Tenn. Bd. of Paroles*, No. 01A01-9710-CV-00562, 1998 WL 755002 (Tenn. Ct. App. Oct. 30, 1998). Our review of the evidence on appeal can be no broader or more comprehensive than the trial court's review. *Watts v. Civil Serv. Bd. for Columbia,* 606 S.W.2d 274, 277 (Tenn. 1980); *Jacks v. City of Millington Bd. of Zoning Appeals*, 298 S.W.3d 163, 167 (Tenn. Ct. App. 2009). As to issues of law, our review is *de novo*, with no presumption of correctness. Tenn. R. App. P. 13(d); *Whaley v. Perkins*, 197 S.W.3d 665, 670 (Tenn. 2006); *Union Carbide Corp. v. Huddleston,* 854 S.W.2d 87, 91 (Tenn. 1993).

## II. DISCUSSION

Mr. Moore contends that the conduct of the proceeding violated provisions of TDOC Policy 502.01, Uniform Disciplinary Procedures, in that a hearing was not held within seven days; in the board's handling of and reliance upon certain evidence and testimony; and in the Board's asserted failure to allow him to testify and call witnesses on his own behalf and to cross-examine the board's witnesses.

---

[2] While the court stated that the petition was being dismissed for failure to state a claim, there was no Tenn. R. Civ. P. 12.02(6) motion filed; to the contrary, both Petitioner and Respondents filed briefs stating their respective positions relative to the certiorari petition. It is clear that the court determined that Petitioner had not shown that the decision of the disciplinary board was arbitrary, capricious or illegal.

A. HEARING DATE

TDOC Policy 502.01 VI(A)(6)(b) provides that a disciplinary hearing should be held within seven calendar days of the triggering event "unless the hearing is continued pursuant to Section VI (J)." The record of the disciplinary proceeding reflects that the incident giving rise to the disciplinary proceeding occurred on August 21, 2008, and that the hearing was held on September 29. The hearing was originally set for August 27; however, a memorandum dated August 27 and signed on behalf of Mr. Moore by "J. Richardson" states that the hearing was continued "for staff reporter." Similarly, a memorandum dated September 3, signed by Mr. Moore, states that the hearing set for that date was continued "at inmate's request to prepare a defense"; a memorandum dated September 10, signed by Mr. Moore, states the hearing was continued "due to reporter not being present"; a memorandum dated September 15, signed by Mr. Moore, states the hearing set on that date was continued "for reporter"; and a memorandum dated September 22, signed by "J. Richardson, Adv.", states that the hearing was continued "for reporter at advisor's request."

As an initial matter, Mr. Moore contends in his brief that the August 27 Memorandum is a "fraudulent document" and that Mr. Richardson was not his inmate advisor on that date; there is an affidavit from Mr. Richardson filed on July 15, 2010 in the Chancery Court in which he states that he was not Mr. Moore's advisor prior to September 3, 2008. We do not consider that the discrepancy surrounding the memorandum relative to the August 27 continuance entitles Mr. Moore to a dismissal of the charges. TDOC Policy No. 502.01 is a comprehensive policy which governs disciplinary procedures with the purpose of providing for "the fair and impartial determination and resolution of all disciplinary charges placed against inmates committed to the Tennessee Department of Correction." Central to Policy No. 502.01 is the following statement of policy:

> Fair and impartial disciplinary proceedings will be administered against inmates charged with disciplinary infractions. The procedures contained herein alone shall govern the disciplinary process. This policy is not intended to create any additional rights for inmates beyond those which are constitutionally required. *Minor deviations from the procedures set forth below shall not be grounds for dismissal of a disciplinary offense unless the inmate is able to show substantial prejudice as a result and that the error would have affected the disposition of the case.*

TDOC Policy No. 502.01 V (emphasis added). The record shows the reason for the August 27 continuance, and there is nothing to indicate that the reason was false. Moreover, the hearing was continued on several other occasions for the same reason; Mr. Moore makes no complaint regarding those continuances. The record also shows that Mr. Moore requested

-3-

Counselor Cheryl Watson to be his staff advocate on August 25, and by letter dated August 27, he was advised that Counselor Watson was not available; it is likely, therefore, that the hearing would have been continued in order for him to secure assistance. The hearing was continued on August 27 in order to preserve Mr. Moore's right to a fair and impartial proceeding and he has shown no prejudice by the continuance.

With respect to the other continuances, TDOC Policy 502.01 VI(J) provides for continuances of disciplinary hearings, with the period of continuance not to exceed seven days; the reason for the continuance is to be documented on the memorandum form. The policy was complied with in this case. Mr. Moore's contention that the board violated the policy in this regard is without merit.

## B. CONFIDENTIAL INFORMATION

Mr. Moore contends that the hearing procedures violated TDOC Policy 502.01 VI(L)(4)(e), (f) and (g) when the board received confidential information which was not independently verified.[3] In his brief, Mr. Moore cites the disciplinary report dated August

---

[3] TDOC Policy 502.01 VI(L)(4) provides in relevant part:

4.      The disciplinary hearing shall be conducted pursuant to the following procedures:

* * *

e.      When the disciplinary hearing officer/chairperson determines that he/she should receive testimony from a confidential source whose identity cannot be disclosed due to either a fear of reprisal, or a breach of security information, or determines that he/she should receive evidence of a confidential/security sensitive nature, it shall be the responsibility of the disciplinary hearing officer to independently access and verify the reliability of the informant's testimony and/or the confidential security sensitive evidence.

f.      Where the reliability of the confidential informant and/or the evidence of security sensitive nature has not been independently verified, such testimony or evidence shall not be considered by the disciplinary board/hearing officer in the disposition of the disciplinary charge(s).

g.      Whenever confidential information or confidential security sensitive evidence is utilized by the disciplinary hearing officer/chairperson as a basis for its decision, the TDOC Contemporaneous Record of Confidential Informant Reliability, CR-3510, shall be completed to document the factual basis for the disciplinary hearing officer's/chairperson's finding that the informant and/or security sensitive evidence was reliable. At privately

(continued...)

-4-

26 as the information which came from a confidential source. The hearing summary records that Steven Tucker, Officer Ferrell, and Sgt. Jordan were the witnesses at the hearing, in addition to Mr. Moore, and each testified from personal knowledge. There is no indication that the disciplinary report was introduced at the hearing or was otherwise considered by the disciplinary board. Inasmuch as no evidence from a confidential informant was introduced at the hearing, the procedures governing receipt of such testimony were not applicable, and this contention is without merit.

C. WITNESS ISSUES

Lastly, Mr. Moore contends that the hearing procedures violated TDOC Policy 502.01 IV(L)(4)(c)(3), (5) and (6), asserting that he was denied the opportunity to cross examine any witness that testified against him, to "review all adverse documentary evidence," and to testify and call witnesses on his own behalf. The hearing summary states that Sgt. Jordan, Officer Ferrell, and Steve Tucker testified at the hearing. There is no indication from the summary that Mr. Moore sought to cross-examine either witness and was denied; rather, the summary shows that, following the testimony of the witnesses, Mr. Moore moved for dismissal of the charge against him. In the absence of any mention of his attempted examination of a witness, we cannot assume that he attempted to do so and was denied the opportunity. In this regard, we note that Mr. Moore fails to make any contention in regard to his ability to cross-examine witnesses in the Disciplinary Report Appeal he prepared on October 1, 2008, or the Disciplinary Report Appeal he prepared on October 27.

The record shows that on August 27 Mr. Moore requested Steve Tucker, C. O. Whitworth, C. C. O. Baldwin, and C. O. Ferrell as witnesses for the hearing. As noted, Officer Ferrell and Steve Tucker testified at the September 29 hearing; there is no indication that Mr. Moore raised an issue on September 29 with respect to the fact that C. O. Whitworth and C. C. O. Baldwin did not testify or requested that the hearing be recessed or continued to allow their presence. Again, Mr. Moore failed to mention this issue in either of the Disciplinary Report Appeals noted previously.

---

[3](...continued)

managed facilities, the Commissioner's designee shall also review the confidential information and initial the form. This form shall be considered confidential and kept as a non-public access record in an area designated by the Warden.

### III. CONCLUSION

For the foregoing reasons, we find no error in the determination by the trial court and, consequently, affirm same.

_____
RICHARD H. DINKINS, JUDGE