# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs June 5, 2013

## ANTONIO WYATT # 291749 v. TENNESSEE DEPARTMENT OF CORRECTION, ET AL.

**Appeal from the Chancery Court for Davidson County**
**No. 111506II      Carol L. McCoy, Chancellor**

___

**No. M2012-01904-COA-R3-CV - Filed June 24, 2013**

___

Petitioner asserts that disciplinary board acted arbitrarily and illegally in the conduct of the hearing and imposition of penalties. The trial court dismissed the petition; finding no error, we affirm the decision of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which PATRICIA J. COTTRELL, P. J., M. S. and FRANK G. CLEMENT, JR., J., joined.

Antonio Wyatt, Henning, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; William Young, Solicitor General; and Lee Pope, Assistant Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION[1]

Antonio Wyatt, an inmate presently incarcerated at West Tennessee State Prison,[2] filed a petition in the Davidson County Chancery Court for common law writ of certiorari, seeking review of the action of the Charles Bass Correctional Complex ("CBCX")

___

[1] Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2] The events giving rise to this proceeding occurred while Mr. Wyatt was incarcerated at Charles Bass Correctional Complex, Nashville, Tennessee.

Disciplinary Board in finding him guilty of assaulting another inmate and imposing penalties therefor. The petition alleged that the members of the disciplinary board, the warden and the Commissioner of the Tennessee Department of Correction ("TDOC") acted arbitrarily, capriciously, and illegally in finding him guilty and that their action violated various TDOC policies and Mr. Wyatt's rights to due process of law.

The petition was granted, the writ issued and the record of Mr. Wyatt's disciplinary proceedings filed with the court. On August 13, 2012, the court entered an order dismissing the case, holding that the record supported the board's decision. Mr. Wyatt appeals, articulating the issue thusly: "Whether the trial court properly dismissed the Appellant's Writ of Certiorari."

## II. STANDARD OF REVIEW

The disciplinary board's action is reviewed through the common-law writ of certiorari. *Rhoden v. State Dep't of Corr.*, 984 S.W.2d 955 (Tenn. Ct. App. 1998). Under the certiorari procedure, the inquiry before the court is whether the board exceeded its jurisdiction or acted illegally, fraudulently or arbitrarily; the intrinsic correctness of the decision is not reviewed and relief will not be granted if the decision was reached in a lawful and constitutional manner. *Maney v. Tenn. Bd. of Paroles*, No. 01A01-9710-CV-00562, 1998 WL 755002 (Tenn. Ct. App. Oct. 30, 1998). Our review of the evidence on appeal can be no broader or more comprehensive than the trial court's review. *Watts v. Civil Serv. Bd. for Columbia,* 606 S.W.2d 274, 277 (Tenn. 1980); *Jacks v. City of Millington Bd. of Zoning Appeals*, 298 S.W.3d 163, 167 (Tenn. Ct. App. 2009). As to issues of law, our review is *de novo*, with no presumption of correctness. Tenn. R. App. P. 13(d); *Whaley v. Perkins*, 197 S.W.3d 665, 670 (Tenn. 2006); *Union Carbide Corp. v. Huddleston,* 854 S.W.2d 87, 91 (Tenn. 1993).

## III. DISCUSSION

Mr. Wyatt contends that the disciplinary proceeding violated provisions of TDOC Policy 502, Uniform Disciplinary Procedures, in that he was not allowed to cross-examine the board's witnesses and was not allowed the opportunity to review the written evidence presented against him.

The record shows that Mr. Wyatt was charged with assault without a weapon on an inmate on August 31, 2011 and that he pled not guilty to the offense; a hearing was held on September 9. No witnesses testified at the hearing, rather written statements from two officers who witnessed the event were introduced. The three members of the disciplinary board found Mr. Wyatt guilty of the offense and assessed the following penalties: loss of six months sentence reduction credits ("PSRC"); ten days punitive segregation in solitary confinement; visitation restriction for six months; package restriction for twelve months; a $5 fine; and a "job/program drop."

## A.      Hearing Procedure

TDOC Policy 502.01(VI)(L)(4)(c)(3) provides that:

If an inmate pleads 'not guilty', he/she shall be permitted...to cross-examine any witness (except a confidential source) who testified against him/her and to review all adverse documentary evidence (except confidential information).

Consistent with this policy, Mr. Wyatt was entitled to view the documentary evidence presented, i.e., the written witness statements, since no witnesses testified. While there is no transcript of the hearing before us, the record contains the Disciplinary Report Hearing Summary which lists the two witness statements as part of the evidence introduced at the hearing. In addition, in his memorandum filed in the trial court, Mr. Wyatt acknowledges that the chair of the disciplinary board read the statements aloud during the hearing.

While the record does not show that Mr. Wyatt was given copies of the witness statements, the fact that the statements were read at the hearing gave him the opportunity "to review all adverse documentary evidence" within the contemplation of the regulation in such a manner as to allow him, if he chose, to respond to the substance of the statements.[3] In this regard, we note that Mr. Wyatt waived his right to call witnesses at the hearing and did not request a continuance to respond to the statements or call witnesses on his behalf (possibly including those who submitted the statements). Moreover, as noted by the Appellees, Mr. Wyatt has not alleged he was substantially prejudiced by being read the statements rather than receiving copies of them, a necessary element of a finding of unlawful procedure. *See Willis v. Tenn. Dep't. of Corr.*, 113 S.W.3d 706 (Tenn. 2003).

## B.      Revocation of PSRC Credits

Mr. Wyatt also contends that "the disciplinary board and the TDOC committed manifest error by taking PSRC from the Appellant that he had earned on a previously expired sentence." He asserts that "as a result of being found guilty by the disciplinary board, [he] loss [sic] 180 days from May 2007 through November 2007 due to the fact that he had yet to earn any PSRC on the sentence he is currently serving" and that "the sentence that the Appellant had served during the period of May 2007 thorough November 2007 had been expired at the time of the disciplinary board's finding to take those credits from him." Mr. Wyatt's contention appears to be related to how the board's decision to revoke the PSRC credits was implemented and the effect of its implementation rather than the correctness of the decision. To this extent, his challenge is beyond the scope of review provided by the common law writ of certiorari. The board did not calculate Mr. Wyatt's sentence or allocate

_____

[3] There is nothing in the administrative record to show that he requested copies of the statements and that his request was denied.

the credits which were revoked to any sentences he may be serving; rather, the board determined the appropriate sanction for the finding of guilt.

To the extent he challenges the authority to revoke the credits, we have reviewed the record and find no impropriety. TDOC Policy 502.05(VI)(E) states that "if an inmate is found guilty of assault, where no...injury resulted, sanctions shall be imposed as defined in the matrix for Class A offense." The matrix provides that the maximum amount of sentence credits to be taken is 6 months. In this case, the board found Mr. Wyatt guilty of assault, a class A offense, and administered a punishment consistent with the guidelines.[4]

Mr. Wyatt raises a number of other concerns in his brief, namely, that when he waived his right to call witnesses on his behalf, it was in the initial stages of the disciplinary process and, presumably, he should have been allowed to call witnesses at his hearing; that the presence of certain staff at the disciplinary hearing led to his guilty verdict; that he was improperly placed in segregation pending the investigation of the offense; that the disciplinary report was not properly issued or served; and that the Disciplinary Report Hearing Summary was not properly filled out. We have reviewed the record and find no impropriety in the conduct of the investigation and hearing, the board's determination of guilt and the punishment imposed.

## IV. CONCLUSION

For the foregoing reasons, we affirm the order dismissing the Writ of Certiorari.

_____
RICHARD H. DINKINS, JUDGE

---

[4] Mr. Wyatt also expresses a concern that Form CR-3298 was not signed by the Commissioner; he contends, for that reason, his credits should not have been revoked. This is without merit. The form, referenced in TDOC Policy 502.02 VI A and F, is used to record the board's action in revoking the PSRC credits for use by the officials who implement the board's decision and recalculate the inmate's sentence, release eligibility date and allocation of sentence reduction credits. Nothing in the record under review shows that the policy in imposing and documenting the punishment was not followed.