IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 3, 2018

**ELGAIN RICKY WILSON v. SHANE ADCOCK, ET AL.**

**Appeal from the Chancery Court for Lake County**
**No. 16CV93  Tony Childress, Chancellor**

———————————————————

**No. W2017-00901-COA-R3-CV**

———————————————————

This appeal arises from an inmate filing a common law writ of certiorari challenging the actions of a prison grievance committee. The respondents filed a motion to dismiss the petition for failure to state a claim upon which relief can be granted; specifically, that decisions of a prison grievance board are not reviewable under a common law writ of certiorari. The trial court dismissed the petition. Inmate appeals. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

FRANK G. CLEMENT JR., P.J., M.S. delivered the opinion of the Court, in which CHARLES D. SUSANO JR. and BRANDON O. GIBSON, JJ., joined.

Elgain Ricky Wilson, Tiptonville, Tennessee, *Pro Se*.

Herbert H. Slatery, III, Attorney General and Reporter; Andreé S. Blumstein, Solicitor General; Eric A. Fuller, Assistant Attorney General, Nashville, Tennessee, for the appellees, Warden, Northwest Correctional Complex, and Shane Adcock.

**OPINION**

Elgain Ricky Wilson ("Petitioner") is an inmate at the Northwest Correctional Complex in Tiptonville, Lake County, Tennessee. On or about June 24, 2016, Petitioner submitted an inmate grievance complaining that after a short period of disciplinary segregation, he lost his prison employment position as a kitchen cook and failed to receive back pay compensation for the period of time spent in segregation. The grievance was forwarded to the kitchen supervisor, who filed a response on June 30, 2016, stating that a work-related disciplinary report prepared by kitchen staff indicated that Petitioner was not following orders and had taken items from the kitchen without permission. Shortly thereafter, Petitioner filed a response to the supervisor's reply, wherein he complained that certain policies had not been followed in his disciplinary dismissal. On

July 13, 2016, a grievance hearing was held, and the grievance committee, made up of elected inmates and prison staff, upheld Petitioner's employment dismissal and denied him back pay for the time spent in segregation. The grievance was subsequently appealed and denied until all inmate appeal options were exhausted, unsuccessfully.

On September 30, 2016, Petitioner filed his petition for common law writ of certiorari with the Chancery Court in Lake County, naming as respondents the Warden of the prison, the Commissioner of the Tennessee Department of Correction ("TDOC"), and numerous other individuals in their official capacities. Petitioner sought judicial review of the procedures and decision of the grievance committee. The respondents in this action filed a motion to dismiss the petition on the grounds that, *inter alia*, decisions reached by a prison grievance committee are not reviewable under a petition for certiorari.

On April 10, 2017, the trial court dismissed the petition, stating that "[a] common law writ of certiorari is the vehicle to review the function of a lower tribunal that is judicial in nature ... and the actions of the [prison] grievance committee are purely administrative." Petitioner timely appealed. We have determined that the trial court correctly dismissed the petition because the correctness of the decisions made by an administrative decision maker is not reviewable under a common law writ of certiorari. Therefore, we affirm the trial court's dismissal of the petition.

## ANALYSIS

Our scope of review for a common law writ of certiorari is very narrow. It is limited to determining whether an inferior tribunal, board, or officer exceeded its jurisdiction or acted illegally, arbitrarily, or fraudulently. Tenn. Code Ann. § 27–8–101; *Stewart v. Schofield*, 368 S.W.3d 457, 463 (Tenn. 2012); *Fields v. Corr. Corp. of Am.*, No. M2011-01344-COA-R3-CV, 2012 WL 987337 at *2 (Tenn. Ct. App. Mar. 21, 2012).

Tenn. Code Ann. § 27–8–101 provides that a writ of certiorari may be granted to review the actions of an inferior tribunal, board, or officer who exceeded its jurisdiction while **exercising judicial functions**. (emphasis added). Only decisions that are "essentially judicial in nature" may be subjected to certiorari review. *Breer v. White*, W2005-00702-COA-R3-CV, 2005 WL 2043844 at *3 (Tenn. Ct. App. Aug. 23, 2005). Further, it is not the correctness of the decision below that is subject to judicial review, *Arnold v. Tenn. Bd. of Paroles*, 956 S.W.2d 478, 480 (Tenn. 1997), but rather the manner in which the decision was reached. *Powell v. Parole Eligibility Review Board*, 879 S.W.2d 871, 873 (Tenn. App. 1994); *Stewart*, 368 S.W.3d at 463. Thus, dismissal of a petition for a common law writ of certiorari for failure to state a claim is only appropriate "if the allegations of the petition, taken as true and liberally construed in favor of the petitioner, fail to establish a basis for relief under the narrow grounds applicable to the common law writ of certiorari." *Stewart*, 368 S.W.3d at 463.

A common law writ of certiorari is the proper device for inmates seeking review of actions such as prison disciplinary proceedings. *See Rhoden v. State Dep't of Corr.*, 984 S.W.2d 955, 956 (Tenn. Ct. App. 1998). However, unlike disciplinary boards, grievance committees were established by the TDOC to act as administrative bodies to provide a forum for the expression and resolution of inmate complaints. *Fields*, 2012 WL 987337 at *2. Previously, this court explained the inmate grievance process in detail.

> Pursuant to TDOC Policy, an inmate completes a grievance form, the grievance committee chairperson then forwards the grievance to the employee or the department involved for a response, and that response is reviewed by the chairperson who also provides a written response. If the inmate accepts the response, the matter is considered resolved. If the inmate does not agree, he may appeal the response to the grievance committee and warden. The grievance committee will issue a proposed response, the proposed response is forwarded to the warden, and the warden reviews the committee's response and provides a response of agreement or disagreement. If the inmate agrees with the warden's decision, the matter is considered resolved. If he disagrees, the inmate may file an appeal to the Assistant Commissioner of Operations.

*Fields*, 2012 WL 987337 at *2.

This process demonstrates the administrative nature of a grievance committee's decisions. *Id.* at *3. Hence, the decisions are not judicial in nature, and the grievance committee "does not make legal conclusions at a hearing required by law." *Id.* As a result, the actions of a prison grievance committee are purely administrative and thus cannot be reviewed via a writ of certiorari. *Id.*

Here, taking all the factual allegations as true, Petitioner alleges that he was denied a "fair and impartial grievance hearing," and he disagrees with the result of the grievance process. The trial court took care to note in its final order that the respondents "fully followed the grievance procedure set forth in its policies," and went on to say that, "[w]hile the Petitioner may not agree with the result of the grievance process, the procedure for that process was followed." The record also indicates the reasoning the grievance committee used in reaching its decision. Because the actions of a prison grievance committee are purely administrative, *Fields*, 2012 WL 987337 at *3, and because Petitioner attacks "the intrinsic correctness" of the grievance committee's decision, *Powell*, 879 S.W.2d at 873, they are beyond the scope of review for a common law writ of certiorari. For these reasons, we affirm the trial court.

**IN CONCLUSION**

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against Petitioner, Elgain Ricky Wilson.

_____
FRANK G. CLEMENT JR., P.J., M.S.