IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 07, 2015


## WILLIAM L. JENKINS v. TENNESSEE DEPARTMENT OF CORRECTIONS, ET AL.

**Appeal from the Chancery Court for Wayne County**
**No. 2014CV5383     Robert L. Jones, Chancellor**

_____

**No. M2014-02210-COA-R3-CV – Filed February 29, 2016**
_____


Certiorari proceeding in which an inmate seeks review of a disciplinary proceeding finding him guilty of assault on another inmate. Petitioner asserts that the disciplinary board violated various Tennessee Department of Correction regulations in the conduct of the hearing and that the trial court erred in dismissing the petition. Finding no error, we affirm the decision of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and W. NEAL MCBRAYER, J. joined.

William L. Jenkins, Wartburg, Tennessee, Pro Se.

Nathan D. Tilly and James I. Pentecost, Jackson, Tennessee, for the appellees, Adam Hendrix, Arvil Champan, Greg Keeton, Judy Williams, Melissa Rodriguez, and Byron Ponds.

Herbert H. Slatery, III, Attorney General and Reporter; Andree S. Blumstein, Solicitor General; and Jennifer L. Brenner, Senior Counsel, for the Tennessee Department of Corrections.

## OPINION

William L. Jenkins, an inmate in the custody of the Tennessee Department of Corrections ("TDOC"), filed a petition for a common law writ of certiorari in the Chancery

Court for Morgan County on January 14, 2014; he sought review of the action of the South Central Correctional Facility disciplinary board which resulted in his conviction for assault with a deadly weapon, with serious injury.[1] The petition alleged that the board acted arbitrarily, illegally, and in violation of various TDOC policies in finding him guilty; that the conviction relied on "the sole testimony of confidential informants without independently assessing or verifying the reliability" of the testimony or the informant; that it "ignored exculpatory evidence provided by the victim"; and that Mr. Jenkins had unsuccessfully appealed the conviction to the warden of the institution and the Commissioner of TDOC. The writ was issued, and the record filed.

In due course Mr. Jenkins filed a motion for summary judgment along with several other motions; the respondents moved to dismiss the petition pursuant to Tenn. R. Civ. P. 12.02(3) and/or (6). The court subsequently entered an order dismissing the CCA respondents; granting Mr. Jenkins' motions to add TDOC as a respondent and to compel the respondents to file a complete record of the disciplinary proceeding; and denying the State respondent's motion to dismiss. Thereafter, the court entered an order holding that "[a]fter a full review of the record in this case, including confidential documents filed under seal, the Court finds there was adequate evidence to justify the findings and disciplinary actions against the Petitioner and further finds that there were no violations of any laws or regulations." The court dismissed the case, along with all pending motions.

Mr. Jenkins appeals, asserting that the court erred in dismissing the petition on its merits, in denying the motion for summary judgment, and in disregarding his complaints of alleged "fraudulent conduct or fraudulent pleadings" filed by respondent's counsel.

## I. SCOPE OF REVIEW

The disciplinary board's action is reviewed through the common-law writ of certiorari, which provides a limited scope of review. *Rhoden v. State Dep't of Corr.*, 984 S.W.2d 955, 956 (Tenn. Ct. App. 1998); *Powell v. Parole Eligibility Re. Bd.*, 879 S.W.2d 871, 873 (Tenn. Ct. App. 1994). The inquiry before the court is whether the board exceeded its jurisdiction or acted illegally, fraudulently or arbitrarily; the intrinsic correctness of the decision is not reviewed and relief will not be granted if the decision was reached in a lawful and constitutional manner. *Maney v. Tenn. Bd. of Paroles*, No. 01A01-9710-CV-00562, 1998 WL 755002, at *2 (Tenn. Ct. App. Oct. 30, 1998). Our review of the evidence on appeal can

---

[1] The disciplinary action for which review was sought occurred while Mr. Jenkins was incarcerated at South Central Correctional Facility, which is located in Wayne County; therefore the case was transferred to Chancery Court for Wayne County in April 2014. *See* Tenn. Code Ann. § 41-21-803. In addition to the disciplinary board, the Commissioner and Assistant Commissioner of TDOC, the TDOC Liaison, and several employees of Corrections Corporation of America ("CCA"), which ran the facility under contract with TDOC, were named as respondents; the CCA employees were subsequently dismissed.

be no broader or more comprehensive than the trial court's review. *Watts v. Civil Serv. Bd. for Columbia,* 606 S.W.2d 274, 277 (Tenn. 1980); *Jacks v. City of Millington Bd. of Zoning Appeals*, 298 S.W.3d 163, 167 (Tenn. Ct. App. 2009). As to issues of law, our review is *de novo*, with no presumption of correctness. *Whaley v. Perkins*, 197 S.W.3d 665, 670 (Tenn. 2006); *Union Carbide Corp. v. Huddleston,* 854 S.W.2d 87, 91 (Tenn. 1993).

## II. DISCUSSION

At the outset we address Mr. Jenkins' contention that the trial court erred in denying his motion for summary judgment. In our consideration of this issue, we are guided by the following holding in *Jackson v. Tennessee Dep't of Correction*:

> The issuance by the trial court of a writ of certiorari is simply a command by the trial court to the inferior tribunal or administrative agency to send the record made before the agency in the proceeding to the court for review of that record. *Gore v. Tennessee Dept. of Correction,* 132 S.W.3d 369, 375 (Tenn. Ct. App. 2003) (citing *Conners v. City of Knoxville,* 189 S.W. 870, 872 (Tenn. 1916)). Once the complete record has been filed, the reviewing court may proceed to determine whether the petitioner is entitled to relief without any further motions, and if the court chooses, without a hearing. *Jeffries v. Tennessee Dept. of Correction,* 108 S.W.3d 862, 868 (Tenn. Ct. App. 2002). The trial court was only under the obligation to review the record and determine whether the Board acted illegally, fraudulently, arbitrarily or outside its jurisdiction. The trial court was under no obligation to dispose of the Petitioner's motion for summary judgment before dismissing his petition.

No. W2005-02240-COA-R3-CV, 2006 WL 1547859, at *3 (Tenn. Ct. App. June 8, 2006). Inasmuch as the court considered the issues raised in the certiorari petition on their merits, there was no error in denying the motion for summary judgment.

Mr. Jenkins next contends that the court's finding that there were no violations of law, regulation, or procedure was in error, and argues that there were violations of TDOC policies 502.01(VI)(L)(4)(c)(2) and (3), and (d)(1)[2] in the following manner:

---

[2] TDOC Policy No. 502.01(VI)(L)(4)(c)(2) and (3) and (d)(1) state:

> 4. The disciplinary hearing shall be conducted pursuant to the following procedures:
> * * *
>   c. If the inmate pleads "not guilty", he/she shall be permitted the following:
>   * * *
>     (2) To have the evidence against him/her presented first. The board/hearing officer shall consider all evidence which it finds to be reliable, whether or not such evidence would be admissible in a court of law.

3

(A) unlawful denial of requested witness and/or failure to complete proper forms in doing so;

(B) withholding of critical evidence and requested evidence clearly relevant to case;

(C) concealment or disregarding of exculpatory evidence provided by the victim and DNA lab results which were clearly beneficial to plaintiff's defense;

(D) inadequate 24 hour notice as result of inaccurate/misleading or omitted information;

(E) . . . allowing Adam Hendrix and Carolyn Jordan to remain on the board panel after both had openly admitted to personal involvement in the case prior to the hearing.

With respect to the alleged violation of TDOC policy 502.01(VI)(L)(4)(c)(3), Mr. Jenkins identifies inmate Driver, the victim of the assault, as the witness who was not permitted to testify. The record, however, reflects that inmate Driver's statement was submitted at the hearing as part of the investigation of the incident; in the statement Inmate Driver wrote, "I can say that I did not see Jenkins with a weapon or trying to assault me in any kind of way." The record does not show that Mr. Jenkins requested that inmate Driver be called as a witness; it does show, however, that inmate Driver's statement was signed by Mr. Jenkins on October 3, 2013, a week prior to the hearing, and by the chairperson of the disciplinary board on October 10, the date of the hearing.

This statement was not adverse to Mr. Jenkins in any respect; indeed, in his brief on appeal, Mr. Jenkins states that "the victim in this case was also the witness for the plaintiff and submitted a written (and verified) statement on the Plaintiff's behalf clearing the Plaintiff's name of any involvement." It is apparent that the members of the disciplinary board determined that the evidence was not entitled to be given weight. The record, however, does not show that TDOC Policy No. 502.01(VI)(L)(4)(c)(3) was violated.

It is not clear from Mr. Jenkins' brief on appeal what specific evidence he asserts was withheld from him. The record contains a document styled "Motion To Compel Defendants To File Complete Disciplinary Record (pursuant to T.C.A. § 27-9-109(a)" filed by Mr. Jenkins on May 19, 2014, and an order entered August 4 addressing various motions, including the motion to compel; as to that motion, the order states:

> On May 19, 2014, Petitioner filed a Motion To Compel Defendants To File Complete Disciplinary Record alleging that Page 9 of 9 of the Disciplinary

---

(3) To cross-examine any witness (except a confidential source) who testified against him/her and to review all adverse documentary evidence (except confidential information).

4

Hearing Summary, statements made by Inmate Jermaine Driver, and of the Petitioner's appeal to the Commissioner were omitted. Respondents filed a notice of Filing of the certified disciplinary record on March 20, 2014, in Morgan County and on April 21, 2014, in Wayne County. While the certified record does contain an Incident Statement signed by Inmate Jermaine Driver, it does not appear to contain the appeal to the Commissioner dated November 4, 2013, a copy of which the Petitioner filed with his motion to compel, nor does it include Page 9 of 9 of the Disciplinary Report Hearing Summary. Therefore, Petitioner's Motion to Compel is well-taken. IT IS, THEREFORE, ORDERED that Respondents file a complete, legible, and certified record of the parole proceedings pertaining to the Petitioner's disciplinary hearing conducted on October 10, 2013, and subsequent appeals as soon as possible after receipt of this order.

The defendants filed a response to the order on August 19 in which their counsel: reported that the original page 9 of 9 of the disciplinary report "became detached from the petitioner's original disciplinary documents and cannot be located"; attached documents relating to appeal to the commissioner in November 2014, with an explanation that the decision under review was the disciplinary board hearing on October 10, 2013, and that counsel was not aware that Mr. Jenkins had initiated another appeal; resubmitted the certified disciplinary record, with an explanation that the reference to the "parole proceedings" in the order "may have been a typographical error, and that the court seeks a 'clean' certified record of the disciplinary proceedings." The record does not support Mr. Jenkins' contention that evidence relative to the disciplinary proceeding was withheld from him; to the contrary, he successfully moved the trial court to compel the defendants to produce the complete record of the disciplinary proceeding.

Without citing to the record, Mr. Jenkins argues in his brief that "the Defendants withheld all evidence related to the case despite the fact that there was an ample amount collected, such as blood stained knives, blood stained clothing, pictures of the scene, voluntary DNA samples provided by Plaintiff, and several different investigative reports." The record does not show what, if any, effort Mr. Jenkins made to compel the production of the evidence and what that evidence may have shown.[3] Neither the trial court nor this court can base review of the proceeding on unsupported and conclusory allegations. To the extent the absence of the evidence was brought to their attention, the members of the disciplinary board were free to assign such weight to that fact as each deemed appropriate.[4]

---

[3] The rights of an inmate who has pled "not guilty" to the offense which is the subject of the disciplinary hearing are set forth at TDOC Policy No. 502.01(VI)(L)(4)(c) and do not include the right to discovery.

[4] Mr. Jenkins contends that exculpatory evidence was "conceal[ed] or disregard[ed]." Inasmuch as the disciplinary board, as fact finder, is free to consider or not consider specific evidence, we review only whether

Mr. Jenkins' brief does not explain the factual or legal basis of the claim of "inadequate 24 hour notice as result of inaccurate/misleading or omitted information." In the absence of the same, we cannot address this contention. See *Murray v. Miracle*, 457 S.W.3d 399, 403 (Tenn. Ct. App. 2014), *appeal denied* (Feb. 19, 2015).

Mr. Jenkins alleges in his brief that Ms. Jordan, a member of the panel which heard this matter, made corrections to errors in the disciplinary report prior to the hearing, after the errors were brought to her attention by Mr. Hendrix, another member of the panel; he asserts that their actions violated TDOC Policy No. 502.01(VI)(A)(5)(b), (c), and (d).[5] Assuming these allegations are true, the action of correcting errors in the report does not rise to the level of participating in the investigation or establishing personal knowledge of the incident such as to violate the regulation.

## III. CONCLUSION

We have reviewed the entire record and considered each argument made by Mr. Jenkins. In accordance with the narrow standard of review applicable to this case, we agree with the conclusion reached by the trial court that there is evidence in support of the decision of the disciplinary board and that there is no factual or legal basis from which to conclude that the board acted illegally, fraudulently or arbitrarily. The decision of the trial court is affirmed.

_____
RICHARD H. DINKINS, JUDGE

---

the evidence in the record provides a factual basis for the board's decision and not the extent to which any evidence may have been disregarded.

[5] TDOC Policy No. 502.01(VI)(A)(5)(b), (c), and (d) states:

> 5. No employee shall be permitted to sit on the panel of the board hearing a given case if any of the following conditions exist:
> a. He/she is the reporting employee.
> b. He/she participated directly in the investigation.
> c. He/she has personal knowledge concerning the case, except in those instances where knowledge of the incident is so widespread as to be known by most employees (i.e., common knowledge).
> d. He/she has a personal interest in the outcome of the case.
> e. He/she is the inmate's assigned counselor, inmate relations coordinator (IRC), or unit manager.